The People *ex rel.* A. H. Gleghorn, County Collector, Appellee, *vs.* The Chicago and Alton Railroad Company, Appellant.

*Opinion filed December 17, 1912—Rehearing denied Feb. 7, 1913.*

1. Taxes—*what may be included in the school tax for building purposes.* · Under the proviso, added in 1907, to section 189 of the present School law as revised in 1909, items of expense incurred "for the improvement, repair or benefit of the school buildings or property" are properly included in the tax levy for building purposes, and such tax is no longer confined to the building of school houses or creating a fund to pay bonds issued for that purpose.

2. Same—*what does not invalidate tax for building purposes.* The fact that a somewhat larger amount is levied for building purposes than is required to pay the expenses properly chargeable to such purposes is not ground for holding the tax invalid, unless the amount levied is so grossly excessive as to show a fraudulent purpose in making the levy.

3. Same—*in absence of ordinance to the contrary the village fiscal year begins in April.* Under the statute the fiscal year for villages organized under the general law begins on the third Tuesday in April unless a different time is fixed by ordinance.

4. Same—*when objector must prove ordinance changing fiscal year.* One whose objection to a village tax is based upon the

ground that the fiscal year of the village begins July 1 must prove the existence of a valid ordinance of the village changing the date of the commencement of the fiscal year from the date as fixed by statute.

APPEAL from the County Court of Grundy county; the Hon. GEORGE BEDFORD, Judge, presiding.

J. L. O'DONNELL, T. F. DONOVAN, and J. A. BRAY, (WINSTON, PAYNE, STRAWN & SHAW, of counsel,) for appellant.

C. F. HANSON, State's Attorney, and H. B. SMITH, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

At the June term, 1912, the county collector of Grundy county made application to the county court for judgment for delinquent taxes for the year 1911. The Chicago and Alton Railroad Company filed objections to a portion of the school tax in school district No. 80, to a portion of the school tax in district No. 72, to the city taxes levied against its property in Coal City, and to the additional road and bridge tax in the towns of Felix and Braceville. The objection was sustained to a part of the school tax of district No. 80 and overruled as to the balance. All other objections were overruled and judgment was entered against the railroad company for the several amounts shown to be due. The railroad company deposited the amount of the taxes with the county treasurer, as required by the statute, and brings the record to this court by appeal.

Objections to the road and bridge tax of the two towns named involve a construction of section 14 of the Road and Bridge law, as amended in 1911. An additional tax of twenty-five cents was levied in each of these townships, with the consent of the board of town auditors and the assessor, under certificates as follows: In the town of

257 – 14

Felix the certificate stated that the additional tax was required for "building new abutments on Canal bridge, on north and south road between sections 34 and 35, and grading part of road on north and south road between sections 37 and 28, said abutment and part of road being washed out in spring, 1911." In the town of Braceville the certificate stated that the additional rate was required for "repairing and grading roads and cleaning out ditches." Under the holding of this court in *People* v. *DeKalb and Great Western Railroad Co.* 256 Ill. 290, and *People* v. *Cairo, Vincennes and Chicago Railroad Co.* id. 286, these certificates were sufficient, and the objection to the additional road and bridge tax was properly overruled.

In school district No. 80 there was levied for educational purposes $4000 and for building purposes the sum of $1200. The total valuation of property in the district was $210,971 and the valuation of the appellant's property $36,094. The total school tax levied was at the rate of $2.55 on the $100. In school district No. 72 $5000 was levied for educational purposes and $1000 for building purposes. The valuation of property in this district was $278,300 and appellant's property was valued at $44,424. The school tax was extended at the rate of $1.87 on the $100. The objection to these levies goes only to a part of the amount levied for building purposes. The evidence shows that no school building was erected in either of said school districts, nor was the erection of any such building begun or contemplated during the year for which these taxes were levied. Appellant's contention is that the building tax in these districts is a mere subterfuge, by means of which school authorities can exceed the limit fixed by the statute for general educational purposes.

Section 189 of the present School law (Hurd's Stat. 1911, p. 2117,) provides that school authorities, for the purpose of establishing and supporting free schools not less than six nor more than nine months in each year and

defraying the expenses of the same of every description, may levy taxes not to exceed one and one-half per cent for building purposes, the valuation of the property to be ascertained by the last assessment for State and county taxes. There is a proviso in said section that permits obligations incurred or expenditures made "for the improvement, repair or benefit of the school buildings and property" to be paid out of taxes levied "for building purposes." This proviso was added in 1907. (Laws of 1907, p. 519.) Prior to this amendment this court held that taxes levied for "building purposes" could only be used to pay for the building of a school house or to create a fund to meet bonds issued for that purpose. (*O'Day* v. *People,* 171 Ill. 293; *Wabash Railroad Co.* v. *People,* 187 id. 289.) Prior to the amendment of 1907, under the statute as construed by this court, repairs and other expenses for the up-keep of school property were payable only out of the educational fund. The amendment allowing expenses "for the improvement, repair or benefit of the school buildings and property" to be paid out of the building fund has the effect of transferring those items of expense from the educational fund to the building fund, and authorizes the levy of a building tax for the purposes mentioned in the amendatory proviso to said section of the statute.

An itemized account of the expenditures in these two school districts for the year 1911 was introduced, from which it appears that in district No. 80 $1369.18 and in district No. 72 $957.90 was expended for purposes other than salaries of teachers. In district No. 80 the building tax levied was $1200 and in No. 72 $1000. In the list of expenditures are a number of items for such matters as slate blackboard, cleaning out-houses, whitewashing, fixing fences, watchmen, labor on curtains, fixing stove, repairing plaster, labor, cleaning clocks, labor and material, new stoves, lumber, nails, repairing school bell, and other like charges. These items appellant concedes might come

within the terms of the proviso and therefore be properly payable out of a tax levied for building purposes, but it is said that in said list there are other items, such as janitor's salary, rent, books and book-cases, merchandise, report cards, etc., which under appellant's contention could not properly be paid out of a tax levied for building purposes. Conceding appellant's contention in this regard to be well taken, still it only goes to the extent of showing that the amount levied for building purposes was somewhat in excess of the amount of the expenses which were properly payable out of that fund. This is not a sufficient reason why appellant should refuse to pay its taxes. School taxes are levied upon estimates made as to the probable expense that may be incurred during the year for which the taxes are levied. It would be obviously impossible for a board of school directors to know in advance the exact amount that might be required during the year for "the improvement, repair or benefit of the school buildings and property." School boards are expressly authorized by the statute to levy a building tax, out of which they may pay for the improvement and repairs of the buildings and property of the district and expenses for their general benefit. The mere circumstance that in estimating in advance the amount that may be necessary for these purposes a larger amount is levied than that actually required is no reason why a tax-payer should refuse to pay his taxes, unless the amount levied is so grossly excessive as to show a fraudulent purpose in making the levy. While no new buildings were to be constructed or under contemplation in these districts, there were legitimate expenses for which a building tax might be levied. The amount levied is well within the limit fixed by the statute. The levy was therefore a legal levy. If, as contended by appellant, some items of expense were paid out of the building fund which were properly chargeable to the educational fund, this would be a mere illegal

diversion of the funds after they were collected and would afford no justification for refusing to pay the tax. The decisions of this court under the statute as it existed prior to the amendment of 1907, which hold that a building tax is illegal where there is no building under construction or contemplation, cannot control the decision under the present statute, which expressly authorizes the levy of a building tax for purposes other than the construction of new buildings. The objections to the school taxes were properly overruled.

The objection to the village tax in Coal City is that no appropriation ordinance was passed within the first quarter of the fiscal year, which, it is said, commenced July 1 in the village. There is one sufficient reason why this objection could not have been properly sustained. There is no proper evidence in this record showing that the village of Coal City had fixed the commencement of its fiscal year on a date different from that fixed by the statute. The statute provides that the fiscal year of each city or village organized under the Cities and Villages act shall commence at the date established by law for the annual election of municipal officers therein or at such time as may be fixed by ordinance. If there was no ordinance fixing the beginning of the fiscal year, then it commenced, under the statute, on the third Tuesday in April, which is the date fixed by law for the election of village officers. If the fiscal year commenced on that date, then the appropriation ordinance was passed during the first quarter of the fiscal year, reckoning the third Tuesday of April as the date when it commenced. The only way the village could change the commencement of its fiscal year from the date fixed by statute was to pass a valid ordinance for that purpose. No such ordinance was shown to have been passed. There was no error in overruling the objection to the village tax of Coal City.

The judgment of the county court of Grundy county is affirmed.

*Judgment affirmed.*