THE PEOPLE ex rel. Harry .R. Smith, County Collector, Appellee, vs. MARIE HASSLER et al.—(THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, Appellant.)

*Opinion filed February 21, 1914.*

1. TAXES—*when levy for building purposes will not be held invalid.* A school tax levy for "building purposes" will not be held invalid upon application for judgment and order of sale, as having been fraudulently levied for the purpose of raising a fund for educational purposes in excess of the rate fixed by law, where the evidence does not clearly establish such charge but shows that the school directors did not know how much would be needed for building purposes, and that the levy was, in fact, in excess of what was needed.

2. SAME—*proposed diversion of a tax levied for building purposes is not ground for holding tax levy invalid.* The fact that it is proposed to use a part of the fund raised by a tax for building purposes to pay expenses incurred for educational purposes is not ground for holding the tax invalid, even though the funds for building purposes and educational purposes must be kept separate and be used only for the purposes for which the taxes were levied, as a court of equity will enjoin any proposed diversion of the funds after the taxes are collected.

APPEAL from the County Court of Bureau county; the Hon. J. R. PRICHARD, Judge, presiding.

CAIRO A. TRIMBLE, and PERRY D. TRIMBLE, (M. L. BELL, of counsel,) for appellant.

C. N. HOLLERICH, State's Attorney, (J. L. SPAULDING, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an application in the county court of Bureau county for judgment for delinquent taxes for 1912 against certain lands, including the property of the Chicago, Rock Island and Pacific Railway Company. On a hearing the county court overruled the objections of the said company

and entered judgment against its property for $553.44. The company then deposited the necessary amount of money for said taxes and prayed and was allowed this appeal.

The delinquent tax is a portion of the school tax for school district No. 143, in Mineral township, in the said county. The board of directors of said district certified to the county clerk on July 24, 1912, that they required $2000 as special taxes for educational purposes and $3200 for building purposes. The county clerk extended under said levy $2035.70 for educational purposes and $2348.88 for building purposes. In its objections filed to the said tax the railway company stated that said directors "expended no money whatever during the year 1912, nor up to the date of said objections, for building purposes, nor did said directors, at the time they made said purported levy, intend to spend any money for said building purposes, but the said levy was illegally made for the purpose of raising money for educational purposes in excess of the rate and amount fixed and allowed by law."

The evidence shows quite plainly that the district did not need the full amount levied for building purposes, but it is not equally clear as to just how much it did need for such purpose. It appears that the district paid out during the year, for educational purposes, an amount largely in excess of the levy for such purpose. There is a controversy, however, as to whether $517.50 paid to C. A. Cole and $414 paid to Mary Bryan should be considered as for educational or for building purposes. The books of the school treasurer showed that such amounts were paid for building purposes, while the warrants upon which these amounts were paid indicated that they were drawn for money to pay teachers. The wording of the objection would indicate that the railway company did not think that there should have been any levy made for building purposes, and most of the argument of counsel in the original brief is along that line. There would have been justi-

fication for this contention under the School law as it existed prior to. 1907. The law was then amended so that whatever is needed for "the improvement, repair or benefit of the school buildings and property" may be included in the levy for building purposes. (*People* v. *Chicago and Alton Railroad Co.* 257 Ill. 208.) Under this holding counsel for appellant, at the close of their brief, concede that $586.88 that has been paid out by the district could fairly be included in "building purposes," but they contend that the total levy is so grossly in excess of this sum that it should be held a fraud upon the tax-payers. They contend that it is shown by the evidence that most of the levy for building purposes was levied with the intent of using it for educational purposes. The testimony of some of the directors who made the levy tends to support this contention as to a portion of it. A part of the testimony, however, of these same men tends to support the conclusion that they made this levy with the intention of fitting up one of the school rooms which was not in use for school purposes, and that had this been done they would have used approximately $1000 for building purposes. It is admitted that several hundred dollars, at least, of the levy for building purposes had been used, at the time of this hearing, to pay bills for educational purposes. Some of the directors testified that in the previous year or two they had used money levied for educational purposes to pay bills for building purposes, and that they were simply paying this money back from the building fund into the educational fund. The majority, if not all, of the directors, according to their testimony, had no definite idea as to just how much of the levy, at the time it was made, was needed for building purposes.

An assessment is not fraudulent merely because of its. being excessive, if the assessor has acted from proper motives. (5 Pomeroy's Eq. Jur. sec. 360.) The tax-payer is entitled to the honest judgment of the person or persons

authorized by law to levy the tax. If such tax is founded upon an assessment which from corrupt and malicious motives is made excessive or is rendered unfair by fraudulent practices, or if the property is arbitrarily assessed fraudulently at too high a valuation, it may be held fraudulent. Proof of fraud must be clear and convincing to warrant interference by the courts in matters of taxation. (*Sanitary District* v. *Gifford*, 257 Ill. 424, and cases cited.) If the proof in this record showed, without contradiction, that a certain specific amount of this levy for building purposes had been made by the directors for educational purposes, then the objection, to that extent, should have been sustained by the trial court. (*O'Day* v. *People*, 171 Ill. 293; *Wabash Railroad Co.* v. *People*, 187 id. 289; *People* v. *Toledo, St. Louis and Western Railroad Co.* 231 id. 514.) But, as has been stated, the evidence is not in harmony on this point. Whether or not there is fraud on account of an excessive levy will depend largely upon the circumstances of each particular case. (*Burton Stock Car Co.* v. *Traeger*, 187 Ill. 9; 2 Cooley on Taxation,—3d ed.—1459, note 2.) It is a familiar rule of this court that anyone objecting to a tax assumes the burden of showing its invalidity. The presumption always is that the tax is just; that the officers levying it have properly discharged their duties. "These presumptions can only be overcome by clear and explicit testimony." (*Peoria, Decatur and Evansville Railway Co.* v. *People*, 116 Ill. 401; *People* v. *Hulin*, 237 id. 122.) Our statute has committed to the just and reasonable discretion of the board of directors the question as to what is the proper amount of tax to be raised for the current expenses. The courts will not interfere except to prevent a clear abuse of such discretionary power. In *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People*, 208 Ill. 9, where the school authorities levied $1800 for school purposes when it was shown that they needed only $1100, and it was contended that the

additional amount was intended to be used for other purposes and therefore was illegally and fraudulently levied, the court refused to sustain the contention, holding that even though $1100 was all that was needed for that purpose it did not deem the entire levy so excessive as to be fraudulent, stating that so long as such boards kept within the limit of the statute (p. 13) "and no fraud in the tax levy is shown, the discretion vested in the board of directors cannot be controlled by the courts." To the same effect is *People* v. *Chicago and Alton Railroad Co. supra.*

The board of directors was not authorized, under the law, to use a portion of the money levied and collected for building purposes to pay obligations incurred for educational purposes. The two funds should be kept separate,— not only by the township treasurer on his books, but in the payment of the bills of the district. This court, however, has frequently stated that it will not decline to enforce the collection of a tax legally levied by reason of the fact that it may be proposed to divert the tax, when collected, to a purpose other than that for which it was levied; that after the tax has been collected, equity will readily interfere, at the suit of the tax-payer, to prevent a misappropriation of the fund. (*People* v. *Peoria and Eastern Railway Co.* 216 Ill. 221; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People, supra; Lawrence* v. *Traner,* 136 Ill. 474.) The evidence in this record as to fraudulent intent of the directors in levying the tax for building purposes is not of such a character as to justify interference by the courts.

The judgment of the county court will be affirmed.

*Judgment affirmed.*