THE PEOPLE *ex rel.* Clifford Quisenberry, County Collector, Appellee, *vs.* ERASTUS W. BATES, Appellant.

*Opinion filed December 16, 1914.*

1. TAXES—*what obligations by school district are payable from building fund.* Under section 189 of the School law all obligations incurred for the improvement, repair or benefit of school buildings and property, and for any special taxes or special assessments levied upon the property, are payable from the building fund.

2. SAME—*an alleged contemplated diversion of a building fund is not ground for denying judgment for tax.* An alleged contemplated diversion to educational purposes of the fund raised by a tax for building purposes is not ground for refusing to give judgment for such tax, as the tax-payer has an adequate remedy in equity to prevent such alleged diversion.

3. SAME—*a tax-payer charging fraud on account of excessive levy must clearly prove it.* A tax-payer charging that a tax levy is fraudulent because it is excessive has the burden of proving his charge by the most clear and convincing proof.

4. SAME—*what does not show that tax levy for building purposes is fraudulent.* The fact that the school board, in estimating the amount needed for building purposes as the basis for a tax, has exceeded the amount which is definitely known to be needed for such purposes, does not render the tax for building purposes fraudulent unless the amount so levied is grossly in excess of the amount required.

APPEAL from the County Court of Logan county; the Hon. CHARLES J. GEHLBACH, Judge, presiding.

FRED I. EDGELL, for appellant.

C. EVERETT SMITH, State's Attorney, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal by the appellant, E. W. Bates, from a judgment and order of sale of the county court of Logan county against his lands for delinquent school taxes levied by school district 27, in that county, for the year 1913. The school district embraces what is known as the Central school district in the city of Lincoln, in that county. The board of education levied a tax of $34,000 for educational purposes and an additional tax of $7500 for school building purposes. The school tax as ascertained by the clerk is at the rate of $1.98 on each $100. Appellant contended the maximum rate for school purposes is $1.50 on each $100, and that the rate is forty-eight cents on the $100 in excess of that allowed by law. The amount of the alleged excess tax against appellant's property is $109.87. Appellant contended that the tax is grossly excessive and that its levy for building purposes is fraudulent, as no school buildings were being built or contracted for or contemplated at the time the tax was levied; and that when the same was collected it was not placed in a separate fund but was placed in the school treasury with the general educational fund of the district and used for any expenses that might arise, regardless of kind or character. From the judgment overruling his objections this appeal has been prosecuted.

The evidence shows that for some time the board of education had contemplated constructing a new school building on the Central school house site; that it had employed a contractor to examine the Central school building to see if it could be reconstructed, and that he subsequently re-

ported to the board that such a course was impracticable; that the board then employed an architect to submit plans for a new building to be constructed on the Central school grounds; that at the time this tax was levied it was expected to raise an additional sum by the issuing of bonds for the purpose of building a new school building; that shortly thereafter a petition signed by more than 500 legal voters of the district was submitted to the board of education praying for an election to vote upon the proposition of selecting a school site and building a new school building thereon; that such an election was held, and the proposition to build a new school building on the Central school site carried but a proposition to issue bonds for that purpose was defeated. The evidence further shows that the total expenditures for repairing and improving school buildings up to June 4, 1914, was $4006.17; that in addition to that it will be necessary to re-paint the Adams, Monroe, Washington and Jefferson school houses, to put three new floors in the Washington school house, and to lay cement floors in place of the wooden floors in the Central school house. The amount required for these purposes is not shown by the evidence. It further appears that a special assessment had been levied and assessed against the school property to the amount of $1440.47, making a total of $5446.64 required for building and improvement purposes aside from the amount required to make the necessary improvements on the Adams, Washington, Jefferson, Monroe and Central school buildings above indicated.

By the provisions of section 189 of the School law all obligations incurred for the improvement, repair or benefit of the school buildings and property, and for any special tax or special assessment levied upon such property, are to be paid from the building fund. (Hurd's Stat. 1913, p. 2219; *People v. Chicago and Alton Railroad Co.* 257 Ill. 208.) By virtue of the provisions of the same section the school authorities are authorized to levy a tax not to

exceed one and one-half per cent for educational purposes and one and one-half per cent for building purposes. It is not contended that the total amount levied for these purposes was in excess of the amount that might be levied for such purposes, but the argument is that because for the last several years the school authorities have been levying a like amount for building purposes and the evidence shows that the same has always been put in one fund by the treasurer and paid out promiscuously until it was exhausted, the levy in question is therefore fraudulent and void and that the objections thereto should have been sustained. With this contention we cannot agree. This court has uniformly held that it will not refuse to enforce the collection of a tax legally levied by reason of the fact that it may be proposed to divert the funds, when collected, to some other purpose than that for which the tax was levied, as the tax-payer has an adequate remedy in a court of equity to prevent such misappropriation of the funds, and that such contemplated diversion of the funds affords no justification for the property owner's refusal to pay the tax. (*People* v. *Chicago and Alton Railroad Co. supra; People* v. *Hassler,* 262 Ill. 133.) Nor do we think there is sufficient in the record to justify the inference that the tax in question was levied with such fraudulent intent. The record amply shows that extensive repairs and improvements were necessary to be made on the various school properties, and the bare fact that in making its estimate, in advance, of the amount required for this purpose the school board levied an assessment for an amount larger than was actually required for that purpose, does not render the acts of the board in so doing fraudulent, in the absence of proof that the amount levied was grossly excessive. From the very nature of the purpose of the levy it could not be ascertained in advance, to a certainty, what exact amount would be required for such purpose. (*People* v. *Chicago and Alton Railroad Co. supra.*) That the officers charged with this duty shall honestly and

in good faith exercise their best judgment is all that the law requires.

The amount levied for building purposes was but forty-eight cents on the $100 and was well within the range authorized by law for such purposes. Appellant alleged that the amount levied was excessive and that it was levied for fraudulent and illegal purposes. He had the burden of proving such facts. In *People* v. *Hassler, supra,* it is said: "It is a familiar rule of this court that anyone objecting to a tax assumes the burden of showing its invalidity. The presumption always is that the tax is just; that the officers levying it have properly discharged their duties. These presumptions can only be overcome by clear and explicit testimony.'—*Peoria, Decatur and Evansville Railway Co. v. People,* 116 Ill. 401; *People* v. *Hulin,* 237 id. 122." A party alleging fraud on account of the excessiveness of the levy has the burden of proving the same by the most clear and convincing proof in order to warrant interference by the courts in matters of taxation. (*Sanitary District* v. *Gifford,* 257 Ill. 424, and cases cited.) The appellant offered no proof to show, or which even tended to show, the amount required to complete the contemplated improvements on the Washington, Jefferson, Adams, Monroe and Central school buildings, or that it was the intention of the board of education to divert the funds raised for this purpose to any other purpose than that for which the tax was levied, nor was it shown that such amount was excessive for such improvements.

Finding no sufficient evidence in the record that the tax was levied for any other than building purposes, the judgment of the county court must be affirmed.

*Judgment affirmed.*