(No. 19859.— )

THE PEOPLE *ex rel.* Fred Risinger, County Collector, Appellant, *vs.* LOUIS CUMMINS *et al.* Appellees.

*Opinion filed December 20, 1929.*

Roy R. HELM, State's Attorney, and C. S. MILLER, for appellant.

H. A. EVANS, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Karnak Community High School District, situated in the counties of Massac, Johnson and Pulaski, levied on the property of the district a tax of $6100 for educational purposes and $3400 for building purposes for the year 1928. Upon the application of the county collector of Massac county for judgment and order of sale of delinquent lands in the district certain land owners objected to so much of the tax as was levied for building purposes. The county court sustained the objections and refused judgment, and the collector has appealed.

The specific causes of objection stated were that the school district was not the owner of a school house site, and that no location of a school house site, no building or purchase of a school house and no issue of bonds had been authorized by any vote of the people of the district. The evidence shows that the district was organized in 1927. It does not own a school house, and no election has been held to locate a school house site, to build or purchase a school house or to issue bonds. School buildings are rented for $700 a year. The expense for lights is $35.80 and for fuel $75. Desks cost $375 and chairs $200. Sixteen hundred dollars worth of equipment was bought and $500 worth more was required to bring the school up to the required standard. These sums amount to $3485. The claim of the appellees is that none of these items were building purposes for which a levy of taxes was authorized by law.

In 1859 the purposes for which school districts were authorized to levy taxes were stated in section 43 of the School law of 1857 as amended in the session of the legislature in 1859, as follows: "For the purpose of establishing and supporting free schools for six months, and defraying all the expenses of the same, of every description; for the purpose of repairing and improving school houses; of procuring furniture, fuel, libraries and apparatus; and

for all other necessary incidental expenses the directors of each district shall be authorized to levy a tax, annually, upon all the taxable property of the district. They may also appropriate to the purchase of libraries and apparatus, any surplus funds, after all necessary school expenses are paid." (Laws of 1859, p. 161.) Section 44 authorized the directors to ascertain how much money must be raised for school purposes during the ensuing year and what rate per cent this amount would require to be levied and to certify and return this rate to the county clerk. The money thus raised was directed to be appropriated by the directors to the various objects for which it was intended, but the statute did not specify any specific proportion to be devoted to any particular purpose. There was no limitation of the rate or amount of the tax or the rate or amount to be applied to any purpose. A new enactment, which was a complete revision of the School law, was passed in 1872. (Laws of 1871-72, p. 700; Rev. Stat. 1874, chap. 122, p. 946.) Section 43 was substantially the same as section 43 of the act of 1857 as amended in 1859. The rate of taxation was limited "not to exceed two per cent for educational and three per cent for building purposes, to be ascertained by the last assessment for State and county taxes;" but the rates were not required to be certified separately, section 44 authorizing the certificate to be for one amount, only, to be levied as a special tax for school purposes on the taxable property of the district. There was another revision of the School law in 1889, (Laws of 1889, p. 256,) in which sections 43 and 44 of the act of 1872 became sections 1 and 2 of division 8 of the revised law, and the directors were required to certify separately the sum required for school purposes and the sum required for building purposes. In 1907 the legislature amended section 1 of article 8 of the act of 1889 so as to fix the amount which might be levied for educational and building purposes each at two and one-half per cent, and among other things added

the proviso that the term "incidental expenses as herein used shall not include any sum expended or obligation incurred for the improvement, repair or benefit of the school buildings, or property but all such sums and obligations shall be paid from that portion of the tax levied for building purposes." (Laws of 1907, p. 519.) In the general revision of the School law which was made in 1909, sections 1 and 2 of division 8 of the act of 1889 became sections 189 and 190 of the act of 1909. These sections made no change in the purposes for which the directors had been specifically authorized to levy taxes since 1859, but a proviso was added to section 189, which, so far as it affects this case, was as follows: *"Provided,* that the term 'incidental expenses' herein used shall not include any sum expended or obligation incurred for the improvement, repair or benefit of the school buildings and property, but all such sums and obligations shall be paid from that portion of the tax levied for building purposes."

The only change in these sections since 1909 which affects the question in this case was that made in 1921, which inserted the word "building" before "repairing of," and substituted for the words "of procuring," between the words "school houses" and "furniture," the words "or procuring school land," so that the clause reads, "for the purpose of building, repairing and improving school houses, or procuring school land, furniture, fuel, libraries and apparatus." (Laws of 1921, p. 818.)

The School law of 1889 contained no definition of the terms "educational" and "building" purposes. Cases arose requiring a decision of the question what were educational and what building purposes, resulting in the adjudication that it was the intent of the statute that all of the current ordinary expenses of the schools, including ordinary repairs, were to be covered by the taxes to be levied within the two per cent for educational purposes, and that the additional taxes to be levied within the three per cent for building

purposes were intended only to provide the means to meet the special occasion of the building of a school house. It was held to be the proper construction of the statute that the words "for building purposes" were special and applied only to the building of school houses and matters incident thereto, while the words "for educational purposes" were general and applied to all matters for which a board of directors might levy school taxes, and that therefore heating, repairing, papering and painting the school house, replacing a steam heating plant with another, changing the sewers in connection with the building and constructing walks around it, were not building purposes but must be provided for out of the levy for educational purposes. (*Chicago and Alton Railroad Co. v. People,* 163 Ill. 616; *O'Day v. People,* 171 id. 293; *Wabash Railroad Co. v. People,* 187 id. 289; *Illinois Southern Railway Co. v. People,* 215 id. 123.) The proviso in the amendment of 1907 that the term "incidental expenses," as used in the section, should not include any sum expended or obligation incurred for the improvement, repair or benefit of the school buildings or property but that all such sums or obligations should be paid out of the portion of the tax levied for building purposes, was held in *People v. Chicago and Alton Railroad Co.* 257 Ill. 208, to have the effect of transferring those items of expense from the educational fund to the building fund. The necessary expenses which were thus transferred from the educational fund to the building fund were those incurred for the improvement, repair or benefit of the school buildings or property. In that case there was no adjudication as to any of the items involved in that appeal, whether they might properly be included in the levy for building purposes or not. A number of items were stated which were claimed by the appellee and conceded by the appellant to be properly included and a number of other items which the appellant contended were improperly included, but the court did not decide any of these

questions, because, conceding appellant's contention in that regard to be well taken, the court found it only went to the extent of showing that the amount levied for building purposes was somewhat in excess of the amount of the expenses which were properly payable out of that fund, and this was not a sufficient defense against the payment of the tax. The court said: "The amount levied is well within the limit fixed by the statute. The levy was therefore a legal levy. If, as contended by appellant, some items of expense were paid out of the building fund which were properly chargeable to the educational fund, this would be a mere illegal diversion of the funds after they were collected and would afford no justification for refusing to pay the tax." The item of $700 for rent was not a sum expended or obligation incurred for the improvement, repair or benefit of the school building or property. In *People* v. *Bell,* 309 Ill. 387, a school district which owned no land or building but conducted its school in a building rented for the purpose for $2800 a year, levied a tax of $15,000 for building purposes. No improvement or repair of the rented property was contemplated by the board and no fund for that purpose was needed. The court held no part of the building tax levied was needed for the ensuing year nor was the expenditure of any of it for that purpose contemplated, and the objection to the whole of the levy for building purposes was sustained.

The items of expense for light and fuel and the purchase of desks and equipment do not come under the terms of the proviso. The purpose of procuring furniture, fuel, libraries and apparatus is specifically mentioned among the purposes for which a tax may be levied. These are not building purposes unless so declared by the statute, and it is not so declared in the proviso.

The judgment of the county court was right, and it is affirmed. *Judgment affirmed.*