(No. 26625.—)

THE PEOPLE *ex rel.* John Toman, County Collector, Appellee, *vs.* ILLINOIS CENTRAL HOTEL COMPANY, Appellant.

*Opinion filed September 21, 1942.*

ADELBERT BROWN, for appellant.

THOMAS J. COURTNEY, State's Attorney, and BARNET HODES, Corporation Counsel, (JOSEPH F. GROSSMAN, OTHO S. FASIG, EMMETT HARRINGTON, and J. HERZL SEGAL, of counsel,) for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Appellee, county collector of Cook county, applied to the county court of that county for a judgment for delinquent taxes levied for the tax year of 1939. Appellant objected to a part of the items contained in the appropriation

and tax-levy ordinances of the city of Chicago on the ground that they were not sufficiently itemized and were levied in a single sum but included more than one purpose.

A validating act, passed as an emergency measure, approved June 4, 1941, is relied upon by appellee as curing the defects. Appellant concedes that if the statute is given the effect appellee claims for it, the judgment should be affirmed.

Section 1 of the validating act provides: "Any appropriation and levy contained in the annual appropriation and tax-levy ordinance of any city, village or incorporated town for the tax years 1938, 1939 and 1940, which appropriated and levied a single sum for more than one purpose is hereby declared to be legal and valid notwithstanding any legal objections which have been made to any such appropriation or tax levy on the ground that there was appropriated and levied a single sum for more than one purpose, or that such appropriation and levy was not sufficiently itemized, and notwithstanding any legal objections on the ground aforesaid which, except for the passage of this act, could have been or can be made to any such appropriation or tax levy." (Laws of 1941, p. 322.) In *People* v. *Mercil & Sons Plating Co.* 378 Ill. 142, the act was applied and held to cure defects, identical with the ones raised here, in the appropriation and tax-levy ordinances of the city of Chicago for the tax year of 1938. Appellant concedes this but seeks to distinguish that case from this on the difference as to the status of the cases when the act was approved.

Appellant contends section 236 of the Revenue act of 1939, (Ill. Rev. Stat. 1941, chap. 120, par. 717,) and the validating act are *in pari materia* and should be construed together. The pertinent parts of section 236 provide that in all judicial proceedings where a levy can be corrected by amendment or a levy can be sufficiently itemized, the purpose defined and made certain by amendment, made prior to the entry of any order of court affecting said levy,

such amendments may be made by the proper officers or other governing authorities of the taxing bodies affected and the ordinance as amended shall, upon proof of such amendment being made to the court, have the same force and effect as though originally adopted.

It is contended the validating act has no application so long as the municipality has not availed itself of the remedy provided in section 236 by amending its ordinances. Appellant says that in the *Mercil & Sons case, supra,* the time for curing the defects by amendment under section 236 had passed and therefore the act was applicable, while in the instant case there was a period after the adoption of the act and before the date of judgment in which the city could have amended its ordinances under section 236 and cured the defects. In support of such contention appellant relies upon the following phrase contained in the validating act "except for the passage of this act."

It is not necessary to determine whether the two acts are *in pari materia.* The wording of the validating act, when considered in the light of the purpose for which the act was passed, sufficiently answers appellant's contention. The title of the act is broad and does not contain any exception limiting its application. The first part of the section validates, without exception, all appropriation and tax-levy ordinances passed by cities, villages and incorporated towns for the years 1938, 1939 and 1940 which had erroneously levied a single sum for more than one purpose. It then provides the act shall be applicable for the correction of such levies, notwithstanding legal objections pointing out such defects have been made. The words "except for the passage of this act" are to be read in connection with the title and other provisions of the act, and when so considered it is obvious the legislature intended the act should be applicable to validate all appropriation and tax-levy ordinances for the years named which were defective in the particular stated and this without regard to the remedy

the municipality might have had to correct the defects under section 236 of the Revenue act. The statute does not carry an express limitation as to applicability and without such limitation its application cannot be restricted in the particular claimed by appellant. If the legislature had intended such limitation upon the use, it would have used language sufficient to have indicated it.

It is argued that the facts stated in the emergency clause show a reason for not making the statute applicable in all cases and for the withholding of its benefits in those cases where the remedy under section 236 of the Revenue act is yet available. The purpose of an emergency clause is to establish a reason for departing from the usual time fixed by the constitution as to when the act shall become effective and furnishing a basis for an emergency enactment. In construing the act and giving meaning and effect to the legislative intent, no significance can be given the emergency clause. *Furlong* v. *South Park Comrs.* 320 Ill. 507.

For the reasons assigned, the judgment of the county court is affirmed.

*Judgment affirmed.*