(No. 29777.—

The People *ex rel.* Victor L. Schlaeger, County Collector, Appellee, *vs.* Swift Richè, Appellant.

*Opinion filed January 22, 1947.*

Scott, MacLeish & Falk, (Robert S. Cushman, and John J. O'Brien, Jr., of counsel,) all of Chicago, for appellant.

William J. Tuohy, State's Attorney, Richard S. Folsom, and Kirkland, Fleming, Green, Martin & Ellis, (Joseph B. Fleming, Joseph H. Pleck, and Thomas M. Thomas, of counsel,) all of Chicago, for appellee.

Mr. Justice Smith delivered the opinion of the court:

This is an appeal from a judgment order of the county court of Cook county. The appellant, Swift Richè, paid his taxes for 1943, under protest. He filed objections to the application of the county collector for judgment and an order of sale against certain lands and lots returned delinquent for the nonpayment of taxes for the year 1943. The taxes objected to were levied by the Board of Education of the city of Chicago. The county court entered judgment overruling the objections. From that judgment this appeal has been perfected by the taxpayer.

The objections are based upon certain items included in the 1943 appropriations for school building purposes, as follows:

| | | | |
|---|---|---|---:|
| (1) | 3-R-634 | Auto Repairs | $ 1,000.00 |
| (2) | 3-R-634 | Auto Repairs | 4,000.00 |
| (3) | 3-C-900 | Postage and Carfare | 4,000.00 |
| (4) | 3-C-900 | Auto mileage | 8,640.00 |
| (5) | 3-C-900 | Telegrams and Travel | 5,000.00 |
| (6) | 3-F-900 | Advertising | 2,000.00 |
| (7) | 3-H-900 | Photos | 2,500.00 |
| (8) | 3-J-900 | Office Supplies | 6,000.00 |
| (10) | 3-Z-900 | Coal | 5,000.00 |
| (11) | 3-Z-900 | Electricity | 1,000.00 |
| (12) | 3-Z-900 | Supplies | 100.00 |
| (13) | 3-B-900 | Survey on Workmen's Compensation. | 2,500.00 |
| (14) | 3-C-900 | Postage and Carfare | 8,200.00 |
| (15) | 3-C-900 | Auto Mileage | 19,080.00 |
| (16) | 3-D-900 | Auto Supplies | 1,000.00 |
| (17) | 3-D-900 | Auto License | 372.00 |
| (18) | 3-G-900 | Gas and Electricity | 3,500.00 |
| (19) | 3-H-900 | Water, Ice, etc. | 500.00 |
| (20) | 3-I-900 | Materials | 250,000.00 |
| (21) | 3-J-900 | Supplies | 1,400.00 |
| (22) | 3-L-900 | Fuel | 3,500.00 |
| (23) | 3-M-900 | School Plant Supplies. | 550.00 |
| (24) | 3-N-900 | Insurance | 1,000.00 |
| (25) | 3-O-900 | Office Equipment | 300.00 |
| (26) | 3-R-900 | Auto Repairs | 3,000.00 |
| (27) | 3-R-634 | Auto Repairs | 600.00 |
| (28) | 3-R-634 | Repairs and Replacements—Auto | 290.00 |
| (29) | 3-R-641 | Moving Mechanical Equipment | 5,000.00 |
| (30) | 3-R-641 | Moving all other Equipment | 45,000.00 |
| (31) | 3-R-641 | Stage Curtain Repairs | 20,000.00 |
| (32) | 3-R-650 | Scale Repairs | 20,000.00 |
| (33) | 3-S-725 | New Blackboards | 25,000.00 |
| (34) | 3-S-741 | Inventory Equipment—New Seats and Desks | 65,000.00 |
| (35) | 3-S-741 | Lunch Room Equipment | 100,000.00 |
| (36) | 3-S-741 | New Cots | 1,000.00 |
| (37) | 3-S-741 | New Curtains | 1,000.00 |
| (38) | 3-S-741 | Phys. Educ. Equip.—Rehabilitation | 25,000.00 |
| (39) | 3-S-741 | Other Equipment—Rehabilitation | 25,000.00 |
| (40) | 3-R-641 | Refinishing Seats and Desks | 65,000.00 |
| (41) | 3-R-641 | Replace Stolen Equipment | 1,000.00 |
| (42) | 3-R-676 | Workmen's Compensation | 15,000.00 |
| (43) | 3-R-676 | Unused School Property | 6,500.00 |

Of the foregoing, items (1), (2), (27), (29), (34), (35), (36), (37), (38), (39), (40), (41), (42), and

(43), are identical with items contained in the 1941 appropriations, which were held invalid by this court in *People ex rel. Schlaeger* v. *Reilly Tar and Chemical Corp.* 389 Ill. 434. Following our decision in that case, the legislature enacted a validating act (Laws of 1945, p. 1631,) which became a law on July 17, 1945, and which purported to validate such appropriations. It will first be necessary to determine the effect of the validating act on the items disapproved in the *Reilly case.*

It is settled that under certain circumstances the legislature may validate an improper tax levy. (*People ex rel. Toman* v. *Illinois Central Hotel Co.* 380 Ill. 203; *People ex rel. Toman* v. *Mercil & Sons Plating Co.* 378 Ill. 142; *People ex rel. Lindheimer* v. *Hamilton,* 373 Ill. 124.) The authority of the legislature to validate, by curative act, proceedings which it might have authorized in advance, can only be applied, however, to those cases where there has been an irregular exercise of existing powers, and not to cases where the power was lacking in the first instance. (*People ex rel. Rhodes* v. *Miller,* 392 Ill. 445; *People ex rel. Little* v. *Peoria & Eastern Railway Co.* 383 Ill. 79.) If a tax is void for lack of power in the taxing body to levy it, a subsequent attempt by the legislature to validate the tax amounts to the imposition of a tax for corporate purposes by the legislature in violation of section 10 of article IX of the constitution. *People ex rel. Ward* v. *Chicago & Eastern Illinois Railway Co.* 365 Ill. 202; *People ex rel. Harding* v. *Chicago & Eastern Illinois Railway Co.* 343 Ill. 101; *People ex rel. Ogg* v. *Central Illinois Public Service Co.* 328 Ill. 440.

The Board of Education had no power to levy taxes for building purposes the proceeds of which were to be used for educational purposes. (*People ex rel. Schlaeger* v. *Reilly Tar and Chemical Corp.,* 389 Ill. 434; *People ex rel. Reeves* v. *Bell,* 309 Ill. 387.) The power being entirely lacking, the legislature was powerless to validate

the levy of a building fund tax for educational purposes by subsequent legislation. (*People ex rel. Rhodes* v. *Miller,* 392 Ill. 445; *People ex rel. Reeves* v. *Bell,* 309 Ill. 387.) The validating act did not cure the defects inherent in the levy as to the fourteen items enumerated above, which were held to be objectionable in *People ex rel. Schlaeger* v. *Reilly Tar and Chemical Corp.* 389 Ill. 434. As to those and other similar items, the objections should have been sustained.

As to the remaining twenty-eight items objected to, appellee argues that items (6), (7), (10), (11), (12), (18), (20), (21), (22), (23), (31), (32), and (33), are properly included in the levy for building purposes under the rule announced in *People ex rel. Schlaeger* v. *Reilly Tar and Chemical Corp.* 389 Ill. 434. The rule there announced is "that building fund taxes can be levied only (1) for the purpose of building, repairing and improving school houses and for purchasing school lands, and (2) for expenses or obligations incurred for the improvement, repair or benefit of school buildings and property. Educational fund taxes can be levied (1) for the purpose of procuring furniture, fuel, libraries and apparatus and (2) for meeting all necessary incidental expenses of every kind, character and description other than expenses payable from the building fund, as prescribed by statute, (or from certain special funds, namely, the free text-book, playground, or teachers'-pension fund.)" It was further said in that case that in order to sustain an item levied for building purposes the taxes so levied must have "A direct, and not a remote or incidental connection with a proper building purpose."

In applying the above rule to the items objected to, it will be necessary to consider the several items separately. Item (6) has a code number "3-F-900." The first number, "3," refers to the fact that it is a building fund charge. The last number, "900," represents the function given by the index as "Architect's Office, Factory & Repair Div. Bu. of Finance, Repair Cost Div." The letter "F" describes

the account, in this case, "Advertising." It is difficult to conceive of any advertising expense which the architect's office would incur, unless it was in connection with the advertising for bids on construction and repair of school buildings. It, therefore, appears that item (6) is a proper charge to the building fund. Item (7), "Photos," is to be paid out of account (H), which is "Special and Miscellaneous Service." This item does not have the direct connection with building purposes required to sustain it as a proper building fund levy. The same observation may be made as to items (10), (11), (12), (18), (21), (22), and (23), where the connection with building purposes is incidental rather than primary.

Item (20), "Materials," is charged to the "Materials" account. The nature of the materials, or the use to which they are to be put, is not specified. "Materials" is a term which includes everything used in the construction or repair of school buildings, and, used in that sense, the item is a proper charge against the building fund. The presumption is in favor of the validity of the tax, and the mere possibility that the fund, when collected, might be diverted to some other purpose, does not invalidate the levy. (*People ex rel. Quisenberry* v. *Bates,* 266 Ill. 55.) The burden was on the objector to prove that the materials were to be used for something other than building purposes. He has failed to discharge that burden. (*People ex rel. Gleghorn* v. *Elgin, Joliet and Eastern Railway Co.* 255 Ill. 269.) The objection to item (20) was, therefore, properly overruled.

Item (31) is entitled "Stage Curtain Repairs," and is payable out of the "Construction and Betterments" account, in the "Furniture and Equipment" Fund, a subdivision of "Maintenance of Plant." It is essentially similar to the expense of refinishing seats and desks, which we have held properly chargeable to the educational fund. The same can be said of item (32), "Scale Repairs." This item is also

subject to the objection that its connection with a proper building purpose is only incidental and not direct. Item (33), "New Blackboards," is clearly an educational purpose under the rule announced in *People ex rel. Risinger* v. *Cummins,* 337 Ill. 281. Under that case such expenses are payable from taxes levied for educational purposes.

The remaining items, *viz:* numbers (3), (4), (5), (8), (13), (14), (15), (16), (17), (19), (24), (25), (26), (28), and (30), are not argued by the appellee. We assume appellee concedes their invalidity. They are so similar to the items held invalid in *People ex rel. Schlaeger* v. *Reilly Tar and Chemical Corp.* 389 Ill. 434, that the consideration thereof may be dismissed with the observation that the objections to such items should have been sustained.

Appellee contends that the amounts levied both for building purposes and for educational purposes were less than the maximum amounts which could be lawfully levied under the statute; that if the items levied for building purposes which are objected to as invalid were all subtracted from the building fund tax and added to the amount levied for educational purposes, the latter levy would still be less than the maximum which could be lawfully levied; that for this reason appellant cannot complain because he was not harmed by the fact that improper items were included in the building fund levy. Appellee cites *People ex rel. Gleghorn* v. *Chicago and Alton Railroad Co.* 257 Ill. 208, in support of this contention. In the cited case the court said: "The mere circumstance that in estimating in advance the amount that may be necessary for these purposes a larger amount is levied than that actually required is no reason why a tax-payer should refuse to pay his taxes, unless the amount levied is so grossly excessive as to show a fraudulent purpose in making the levy. While no new buildings were to be constructed or under contemplation in these districts, there were legitimate expenses for which a building tax might be levied. The amount

levied is well within the limit fixed by the statute. The levy is, therefore, a legal levy. If, as contended by appellant, some items of expense were paid out of the building fund which were properly chargeable to the educational fund, this would be a mere illegal diversion of the funds after they were collected and would afford no justification for refusing to pay the tax." Obviously, by the language used in that case it was not intended to hold that a board of education could levy taxes for building purposes and educational purposes indiscriminately, and transfer the funds back and forth as it might find necessary. In the *Gleghorn case* the court was dealing with a levy for building purposes which was valid on its face, and it was presumed, for the purpose of sustaining the tax, that the money so collected would be properly applied. In the present case the levy is invalid on its face. The items extended were appropriated and levied for illegal purposes. There is no similarity between the situation presented in that case and the facts here involved. Appellee's contention cannot be sustained.

The order and judgment of the county court is reversed. The cause is remanded to that court with directions to enter an order in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*