(No. 31364.

THE PEOPLE *ex rel.* LOUIS E. NELSON, County Collector, Appellee, *vs.* CRANE PACKING COMPANY, Appellant.

*Opinion filed March 22, 1950.*

MacLeish, Spray, Price & Underwood, of Chicago, (Robert S. Cushman, and John J. O'Brien, Jr., of counsel,) for appellant.

John S. Boyle, State's Attorney, Frank R. Schneberger, Joseph J. O'Connor, and Kirkland, Fleming, Green, Martin & Ellis, all of Chicago, (Joseph B. Fleming, Thomas M. Thomas, and Thomas F. Scully, of counsel,) for appellee.

Mr. Justice Simpson delivered the opinion of the court:

Revenue being involved, the Crane Packing Company, objector and appellant, appeals directly to this court to reverse a judgment of the county court of Cook County overruling certain of its objections to the 1946 levy for building purposes of the board of education of the city of Chicago and refusing to order the return of taxes theretofore paid by it under protest.

This board of education, operating under a statute peculiar to itself, (Ill. Rev. Stat. 1945, chap. 122, par. 34-49,) uses a numerical and alphabetical code to designate the hundreds of various items in its budget. This code was introduced in evidence and shows that the board has nine separate funds. The numeral 3 preceding an item refers to the building fund. The letter following the numeral 3 indicates the standard account to which the appropriation is chargeable, and the letter R refers to "Repairs and Replacements." Following the letter R appear figures

defining the function or character of the expenses thus appropriated for, and they are as follows:

600—Repairs and Replacements
601—Minor Building or Equipment Repairs
602—Engineering or Mechanical Repairs
619—Glass—Glazing
629—Painting—Calcimining
641—Furniture—Equipment
650—Up-keep of Grounds
660—Plumbing—Gas Fitting
676—General

The aggregate of all of the building fund appropriations for "Repairs and Replacements," hereinafter for convenience referred to as 3-R appropriations, totals $3,920,779.

The objector's first contention is, that a number of like appropriations for the "Bureau of Architecture—factory and repair division," and a number of like appropriations for "Repairs and Replacements" have been by this court heretofore adjudged to be educational fund expenses and are illegally appropriated and levied as a part of the building fund. It then argues that it is impossible by mathematical calculations or otherwise to determine which portion of the building levy for "Repairs and Replacements" is legal and which portion is illegal. It then urges the well-recognized rule that where legal appropriations of a levy cannot be separated from the illegal, the entire levy is void. Because of the inter-relationship between items listed under the "Bureau of Architecture" and items listed under "Replacements and Repairs," it is stated that it cannot be ascertained what part, if any, is legal and, as a consequence, the entire levy for "Replacements and Repairs" is void, and the objections thereto should have been sustained.

The board of education readily concedes that some of the specific items objected to are, under previous rulings of this court, properly chargeable to the educational fund rather than the building fund and are, accordingly, illegally

appropriated under the building fund. The trial court sustained specific objections to fourteen of such items, but the objector has, for the purpose of this appeal, waived those objections. The board of education takes the position that the objectionable items being specific, definite, separable, and fixed in amount, may be stricken from the budget, and the balance remaining then should stand as valid appropriations supporting a valid levy which would be proportionally reduced thereby. In such manner all illegal taxes would then be eliminated. By such reasoning, the levy for "Repairs and Replacements" is not wholly void, but is only proportionally void.

Included in the budget are appropriations for "Bureau of Architecture—factory and repair division." All of these appropriations are preceded by the budget index No. 3, and are, therefore, chargeable to the building fund. The total appropriations for this bureau are $2,130,220, and of this amount $2,117,318 are, by reference to the letter R chargeable to the appropriations for "Repairs and Replacements" appearing elsewhere in the budget. This seems evident from the language used at the end of the appropriations for this bureau, which is as follows:

Total operating expenses..............$2,130,220
Less:
Amount included with appropriations for
    "Repairs and Replacements"........ 2,117,318
Appropriations 1946 ................     12,902

It is urged by the objector that the $2,117,318 is charged to the total $3,920,779 3-R appropriations but not charged on a pro-rata basis to each individual 3-R account appropriation. From this, it concludes that by sustaining any of the appropriations for the "Bureau of Architecture" it is impossible to determine what part of any single 3-R account is legal and what part is illegal. If such position is correct, then the objector says that the entire levy for "Repairs and

Replacements" is invalid. This conclusion does not necessarily follow. Specific objections to eleven items in the "Bureau of Architecture" aggregating $43,089 were sustained. Three of these were 3-R appropriations and eight were chargeable to other standard accounts under the building fund. Also specific objections to 3-R items in "Repairs and Replacements" aggregating $100,000 were sustained. No reason is perceived why this total of $143,089 cannot be deducted out of the total appropriations for building purposes, the percentage thereof determined, and the illegal tax imposed thereby ascertained with mathematical certainty. This court, in passing on a similar but not identical, situation in *People ex rel. Toman* v. *Chicago and Northwestern Railway Co.* 377 Ill. 547, 559, said: "The objector insists, however, that the presence of illegal items will destroy the mathematical computation. In this, it is in error. Illegal items, if any, may be deleted without destroying the computation of legal items. Another simple computation will readily disclose the percentage of the rate which is illegal in such instances."

In like manner here, since the total of the illegal items is definite, specific and ascertainable, it represents a certain percentage of the total appropriations for "Repairs and Replacements." Such appropriations were the foundation of the levy, and the levy made and the taxes extended thereby are percentagewise to that extent illegal. By eliminating the illegal items from the appropriation, the objector may carry the percentage of such illegal items through the levy and the rate and successfully determine what portion of the taxes assessed against its property is valid and what portion is invalid. The county court properly overruled this objection.

As an alternative to the objection just discussed, the objector complains of 3-R-601 appropriations totalling $606,150 and 3-R-602 appropriations totalling $654,250 because it says an inseparable part of each is an educational

fund charge. As we have already observed, the numeral 3 and the letter R indicate that all of these appropriations are for "Repairs and Replacements" under the building fund. The numeral 601 refers to "Minor Building or Equipment Repairs." The objector says, in substance, there can be no equipment for building purposes; that anything considered "equipment" must necessarily be used for educational purposes. On the other hand, the board claims that the equipment referred to is such as has a direct connection with the repairing and improving of school houses and should be paid for out of the building fund under the authority of section 34-57 of the School Code, (Ill. Rev. Stat. 1945, chap. 122, par. 34-57,) which reads in part: "Any sum expended or obligations incurred for the improvement, repair or benefit of school buildings and property shall be paid from that portion of the tax levied for building purposes * * *."

If there were such article or articles as building equipment we could not hold the appropriation invalid unless it be shown that it was made for some other purpose which would be unlawful. The appropriation and levy here were in proper form and the presumption is in favor of their validity. The mere possibility that the fund, when collected, might be diverted to some other purpose does not invalidate the levy. *People ex rel. Schlaeger* v. *Richè,* 396 Ill. 85; *People ex rel. Quisenberry* v. *Bates,* 266 Ill. 55.

If the items in question, included under the building fund levy, could only be used for educational purposes, the objection would be well taken. (*People ex rel. Schlaeger* v. *Reilly Tar & Chemical Corp.* 389 Ill. 434.) While the term "equipment" would ordinarily refer to an item for educational purposes, we are unable to say that there is nothing which could properly be termed building equipment and no authority so holding has been called to our attention. The appropriation and levy being presumptively valid and legal, the burden was on the objector to prove

them illegal. (*People ex rel. Gleghorn* v. *Elgin, Joliet and Eastern Railway Co.* 255 Ill. 269.) This it has not done. Upon the record before us, we cannot say that the court erred in overruling this objection.

It is urged by the objector that the 3-R-602 appropriations for "Engineering or Mechanical Repairs" must of necessity refer to engineers' salaries allocated to the particular repair job, and, if such is the case, the appropriation and levy are illegal for the reason that engineers' salaries are educational fund charges and cannot be lawfully charged to the building fund. It arrives at this conclusion by reading into this language and the budget an interpretation which does not seem to be fairly present. An examination of the budget discloses that engineer custodians are paid from the educational fund rather than from the building fund. The burden is on the objector to establish the illegality of this item. In *People ex rel. Schlaeger* v. *Richè,* 396 Ill. 85, this court said: "The presumption is in favor of the validity of the tax, and the mere possibility that the fund, when collected, might be diverted to some other purpose, does not invalidate the levy. * * * The burden was on the objector to prove that the materials were to be used for something other than building purposes. He has failed to discharge that burden."

In like manner here, the budget does not affirmatively show that the appropriation is for an illegal purpose. The term "Engineering or Mechanical Repairs," in the absence of proof to the contrary and aided by the presumption of legality, must necessarily refer to expenditures directly connected with the maintenance or repair of physical school structures. The judgment of the trial court in overruling this objection was correct.

The written statement of the auditor for the board of education was admitted into evidence after he had testified that if he were examined by question and answer he would so testify. Objection to this testimony, on the ground that

parol testimony is inadmissible to explain, alter, vary, or enlarge the written record of the board of education required by law to be kept, was overruled and the testimony received. Similar testimony has recently been condemned by this court in *People ex rel. Nelson* v. *Beu,* 403 Ill. 232, where we pointed out that the rule prohibiting the admission of such testimony is firmly established in our jurisprudence and is not a rule of evidence but a rule of substantive law. In that case we said, on page 247, "Without this rule, or with it and without its enforcement, the essential purpose and potency of public records would be quickly destroyed." The same comment applies with equal force to the testimony here received. Since, however, this trial was in the absence of a jury, and since, with or without this testimony our conclusions would be the same, we consider this evidence mere surplusage and harmless error.

Finding no reversible error in the judgment of the county court, the same is affirmed. *Judgment affirmed.*