(No. 37373.—

FRANK Z. CARSTENS, SR., Appellant, *vs*. THE BOARD OF EDUCATION OF EAST ALTON-WOOD RIVER COMMUNITY HIGH SCHOOL DISTRICT, Appellee.

*Opinion filed February 1, 1963.*

WILLIAM E. AULGUR, of East Alton, for appellant.

EDGAR R. KELLY, of East Alton, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

This action was instituted by Frank Z. Carstens, Sr., individually and as a representative taxpayer, to enjoin the Board of Education of East Alton-Wood River Community High School District No. 14 from issuing or selling certain school bonds because of alleged irregularities in the form of ballot used at the special election which authorized such indebtedness. Upon defendant's motion the circuit court of Madison County dismissed plaintiff's first amended complaint and denied leave to file a further amended complaint.

The propositions submitted at the special election held February 24, 1962, were as follows: (1) "Shall the Board of Education of East Alton-Wood River Community High School, School District No. 14, Madison County, Illinois, be authorized to build and equip a new school building on a site East of Whitelaw Avenue and across from the present East Alton-Wood River Community High School Building?" and (2) "Shall the Board of Education of East Alton-Wood River Community High School, School District No. 14, Madison County, Illinois, be authorized to issue bonds to the amount of Nine Hundred Fifty Thousand Dollars ($950,000.00) for the pur-

poses of building and equipping a new school building and for repairing, remodeling and equipping the present East Alton-Wood River Community High School Building, said bonds to bear interest at a rate not exceeding the maximum rate of six (6) percent per annum?"

As set forth in his pleadings, plaintiff complains that neither proposition contained an identifiable description of the proposed building site and that the second proposition incorrectly combined into a single question matters relating to both the construction and the equipping of school buildings in violation of section 18 of article II of the Illinois constitution. It is plaintiff's position that, whereas construction relates to a building purpose, the equipping thereof constitutes an educational purpose, and that the two are therefore unrelated and should have been separately proposed upon the ballot.

The School Code provides that whenever a public measure is submitted to the vote of the electorate, the substance of such measure shall be included in the election notice and upon the ballot (Ill. Rev. Stat., 1961, chap. 122, par. 9—11 and 9—13.) The purpose, however, is not to furnish the voters with every detail concerning the measure but to enable them to readily identify the proposition, to know its fundamentals and general effect, and to indicate their individual choice, and where the information so set forth gives a fair portrayal of the chief features of the proposition in words of plain meaning, this requirement has been satisfied. (*Smith* v. *Calhoun Community Unit School Dist.* 16 Ill.2d 328.) Although here the exact legal description of the proposed building site was not set forth, the election notice and ballot did describe the intended location in common language which could be readily understood by anyone in the school district. Accordingly, we are of the opinion that no defect occurred in this respect.

As to plaintiff's further contention, section 18 of article II of our constitution states that all elections shall be free and equal, which means each qualified elector shall have equal opportunity and influence in expressing his mandate upon a given subject, and where that right has been denied by combining unrelated questions into a single proposition, we have not hesitated to declare the election void. (*O'Connor* v. *Board of Education,* 288 Ill. 240; *People ex rel. Toman* v. *Chicago Great Western Railroad Co.* 379 Ill. 594.) We must now inquire as to whether such right has been denied in the present case.

Section 19—3 of the School Code, (Ill. Rev. Stat. 1961, chap. 122, par. 19—3,) authorizes the board of education of any school district having a population of not more than 500,000 inhabitants, and not governed by a special act, to borrow money and issue bonds for the purpose of "building, equipping, altering or repairing school buildings or purchasing or improving school sites, or acquiring and equipping playgrounds, recreation grounds, athletic fields, and other buildings or land used or useful for school purposes" if approved by "a majority of all the votes cast on the proposition * * *." Section 9—13 (Ill. Rev. Stat. 1961, chap. 122, par. 9—13,) further provides: "The questions of purchasing one or more schoolhouse sites, building one or more new schoolhouses, and issuing bonds for the purpose of borrowing money to purchase one or more schoolhouse sites and to build one or more new schoolhouses or make additions and improvements to existing school buildings, may be combined into one or more propositions on the ballot." In *Schoon* v. *Board of Education,* 11 Ill.2d 91, where the electors were asked by a single proposition to approve the issuance of bonds for the construction and equipping of both a new building and certain additions to existing structures, we recently held that the last-cited statute is permissive in nature and does not pur-

port to prohibit the combination of other related questions into a single proposition.

The fact that section 19—3 of the School Code not only includes equipping the buildings as one of the purposes for which such bonds may be issued but also uses the singular form of "proposition" when referring to a referendum upon these multiple purposes, indicates a legislative intent to treat the construction and equipping of schools as parts of a single purpose, namely to provide the necessary physical plant for the needs of the district, and when so construed, the construction and equipping of school buildings and additions thereto are not unrelated so as to require separate propositions upon the ballot. Although some earlier cases have indicated that funds for the purchase of various types of school equipment should be included in the educational fund tax levy, as opposed to the building fund levy, (*e.g., People ex rel. Schlaeger* v. *Richè,* 396 Ill. 85; *People ex rel. Schlaeger* v. *Reilly Tar & Chemical Corp.,* 389 Ill. 434; *People ex rel. Risinger* v. *Cummins,* 337 Ill. 281,) those cases were not dealing with the issuance of school bonds nor were they decided under our present statutory enactments. Prior to the 1935 amendment to the School Code, a district could levy taxes only for educational and building purposes and any bonded indebtedness had to be paid from one of these two funds. (*People ex rel. Heaton* v. *Chicago and Eastern Illinois Railroad Co.* 300 Ill. 258.) However, section 17—9, (Ill. Rev. Stat. 1961, chap. 122, par. 17—9,) now provides that a separate tax shall be extended for payment of bond indebtedness without regard to the amounts levied for educational and building purposes. Therefore, insofar as the issuance of bonds is concerned, the historical classification of equipment as an educational purpose is of little moment.

Under existing statutes and the facts of the case, we are of the opinion that the ballot used in the instant referendum was proper and that plaintiff's complaints failed to

state a cause of action. The decree of the circuit court of Madison County dismissing plaintiff's first amended complaint and its order denying leave to file a further amended complaint are therefore affirmed.

*Decree and order affirmed.*