(No. 24464.

The People *ex rel.* Lloyd Oller, County Collector, Appellee, *vs.* The St. Louis Southwestern Railway Company, Appellant.

*Opinion filed February 17, 1938.*

Farthing, C. J., specially concurring.

WHITNEL & BROWNING, and LANSDEN & LANSDEN, for appellant.

DEWEY & CUMMINS, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

Appellant objected to the application of the county collector for judgment for taxes levied by High School District No. 83 of Alexander county to pay interest and maturing principal on bonds issued by the school district for building purposes. The objections were overruled and appellant brings the case here by appeal, contending that $51.05 of the judgment is erroneous.

This appeal is based upon the appellant's contention that neither the resolution of the board, the notice of the election nor the ballot specified the purpose for which the money was to be borrowed, and, also, a contention that the election should have been held under the General Election law, instead of the School law. This last contention was definitely decided contrary to appellant's contention in *Lewis* v. *Community High School District,* 308 Ill. 305, and requires no discussion.

This board of education was expressly empowered by statute to borrow money for the purpose of building a school house and to issue bonds therefor. (Ill. Rev. Stat. 1937, chap. 122, par. 136a.) In order to borrow money for this purpose it is required, by paragraph 218, that the board be authorized to do so by a majority of the votes cast at an election held for that purpose. It is further provided, by paragraph 221, that when it is desired to hold an election for the purpose of borrowing money the directors shall give at least ten days notice of the election by posting notices in at least three of the most public places in the district. This paragraph expressly provides the form of notice that may be given and that form does not require that the object or purpose for which the money is being borrowed shall be stated in it. It merely requires a statement of the date of the election, the name, number and

county of the district; that the election is to be held for the purpose of voting for or against the proposition to issue bonds to the amount named therein, together with the time of payment and amount falling due each year and the interest rate. The notice is also required to state the time of opening and closing of the polls, to be dated and to be signed by the president and clerk. In the case we are now considering the statutory form was exactly followed, and the official ballot followed the same form.

The appellant cites no case to sustain its position and we have found none. It argues, from analogy, that because the School law contains nearly twenty other forms of notices for different kinds of elections, each of which contains a specific statement of some kind, that the legislature must have intended the notice in this case to state the object for which the money was being borrowed. The only answer necessary to be made to this proposition is that the statement required by the legislature to be contained in the notice was only as to the amount, maturity and interest rate of the bonds. Cases are cited wherein notices were required and not given, or where they did not comply with statutory requirements, but they have no bearing on the facts before us. It appears to us that the statute has been complied with and no authority in point to the contrary having been called to our attention we must sustain the judgment of the county court.

It is further apparent that any alleged irregularity or informality in the election approving this bond issue was cured by the validating act of July 2, 1937. (Ill. Rev. Stat. 1937, chap. 122, par. 406.8; *People* v. *Madison*, 280 Ill. 96.) Inasmuch as we are of the opinion that the election was valid without this act, it will be unnecessary to discuss it.

*Judgment affirmed.*

Mr. CHIEF JUSTICE FARTHING, specially concurring: I agree with the result reached in this opinion but not in what is said therein as to the sufficiency of the notice.