The county collector of Cook county appeals from a judgment of the county court sustaining the objections of the defendant, the Chicago Great Western Railroad Company, to the taxes for school purposes and building purposes for the year 1940 levied by School District No. 89 of the town of Proviso. Disposition of this appeal is dependent upon the legality of an election held on August 20, 1921, to vote upon the single proposition of an increase in the tax rates for educational purposes and building purposes. *Page 596 
As amended in 1921, section 189 of "An act to establish and maintain a system of free schools," (Laws of 1921, p. 818,) authorized the board of education of school districts such as district No. 89 to levy annually a tax not to exceed two per cent for educational purposes, and, upon a favorable vote of the legal voters on "a proposition" to levy a tax not to exceed three per cent for educational purposes. Similarly, section 189 prescribed the tax rate for building purposes and the purchase of school grounds at three-fourths of one per cent without a referendum and authorized a rate of one per cent after a favorable vote for an increase in the rate. Provision was made for the submission of "such propositions" to the voters of the district. On August 20, 1921, a special school election was held for the purpose of voting on —
 The proposition for an assent to the levy an annual tax of more than two per cent but not to exceed three per cent for educational purposes and of more than three fourths of one per cent but not to exceed one per cent for building purposes.
 -------------------------------------------- | For the Proposition ........... | | |---------------------------------|--------| | Against the Proposition ....... | | --------------------------------------------
A canvass of the returns disclosed that 75 votes were cast in favor of and 8 votes against the proposition. Admittedly, no election was held prior to or since August 20, 1921, purporting to authorize any increase in either educational or building fund taxes for district No. 89. In 1927, the basis of assessed valuation of property was changed from one half of full value to full value. (Laws of 1927, p. 745.) As the result of an act amending section 189 of the School law, approved the same day, July 7, 1927, (Laws of 1927, p. 824,) the tax rate for school district No. 89 for educational purposes was correspondingly reduced to *Page 597 
one per cent without, and to a maximum of one and one-half per cent (later increased to one and four-fifths per cent from one and one-half per cent upon a second election) after, a referendum. In like fashion, the rate for building fund purposes was reduced to three eighths of one per cent without, and to a maximum of one half of one per cent after, a referendum. It thus appears that the rates under section 189, as amended in 1927, applied to a full valuation would produce the same amount of taxes as the higher rates applied to the one half assessed valuation which previously obtained. In 1940, school district No. 89 levied for educational purposes a rate of $1.67 per $100 assessed valuation and for building purposes forty-six cents for each $100 assessed valuation.
Defendant maintains that the statutory limit of rate for educational purpose in 1940 was $1, and for building purposes thirty-seven and one-half cents, and that, therefore, the rate of $1.67 for educational purposes was excessive to the extent of sixty-seven cents and the rate for building purposes excessive to the extent of eight and one-half cents. Although not clear, it may be gleaned from the levy that an election subsequent to the election in 1921 authorized an increase in the rate for educational purposes from $1.50 to $1.80. Since there is no evidence in the record to this effect, a rate of $1.67 is without a basis and, in any event, seventeen cents of the rate for educational purposes is illegal upon the showing, or rather lack of showing, made. It is insisted that the ballot previously described did not give the voters of school district No. 89 an opportunity to vote "Yes" or "No" separately on each of the two propositions submitted, namely, one for increasing the rate for educational purposes and the other for raising the building fund rate, and, consequently, the election was void because of the insufficient ballot. To obtain a reversal of the judgment of the county court, the collector urges that *Page 598 
the inclusion in one question of the proposition to increase the educational and building fund rates was in conformity to the statute. The sole issue thus made and presented for our determination is the legality of the additional taxes extended for school district No. 89 under the form of ballot previously set forth.
Section 189 of the School law does not provide a form of ballot to be used in elections authorizing an increase in the tax rates. Under such circumstances, the general Election law (Ill. Rev. Stat. 1941, chap. 46, par. 305, p. 1483) provides that whenever a public measure is submitted to be voted upon by the people within any district the substance of the measure shall be clearly indicated on a separate ballot, and two spaces shall be left upon the right-hand margin thereof, one for the votes favoring the measure, to be designated by the word "Yes," and one for the votes in opposition, to be designated by the word "No," as in the form set forth in the statute. It has long been held that propositions for public measures cannot be coupled together on a ballot so as to deprive the voter of an opportunity to vote separately and independently on each proposition. (O'Connor v.Board of Education, 288 Ill. 240; Williams v. People, 132 id. 574; People v. County of Tazewell, 22 id. 147; Supervisors ofFulton County v. Missouri and Wabash Railroad Co. 21 id. 337.) In the case first cited, there was submitted a proposition to build a new high school building in Evanston upon a new site to be subsequently selected and, also, to issue bonds for the purpose of purchasing such new site when selected and of paying the cost of erecting a new high school building on the new site. Holding that a proposition to purchase a new high school site is not properly submitted at an election where it is so combined with propositions to build a new high school and for a bond issue that a voter who favors one proposition will, in order to vote in favor of it, have to vote for the other as well, *Page 599 
this court said: "The propositions of a new building to be paid for by a bond issue and to authorize the purchase of a new site should have been submitted in such manner that a voter would readily understand how to vote for one proposition and against the other if he so desired. * * * The constitution requires that all elections shall be free and equal, which means that the vote of every qualified elector shall be equal in its influence with that of every other one. [Citation.] As the propositions were submitted at the election November 6, a voter desiring to vote for one of them and against another had not an equal opportunity and influence with the voter who either favored or opposed all the propositions submitted." The foregoing observations are equally pertinent here. The voters at the election on August 20, 1921, were not afforded a choice of voting for the proposition to increase the rate for educational purposes and of voting against an increase in the rate for building purposes. Similarly, an elector could not vote against an increase in the rate for educational purposes and in favor of the proposition increasing the rate for building purposes. He had, instead, to vote either for or against both propositions under the form of ballot used at the election.
The collector advances the argument, however, that the use of the singular form "proposition" in section 189 of the School law manifests a legislative intent that the electors shall vote at one time upon the single proposition of increasing the rate for educational purposes and, also, for building fund purposes. Section 1 of the Statutory Construction act (Ill. Rev. Stat. 1940, chap. 131, par. 1, p. 3110) ordains: "Words importing the singular number may extend and be applied to several persons or things, and words importing the plural number may include the singular." Again, the primary canon of statutory construction is to ascertain and effectuate the intent of the legislature. On the other hand, defendant directs attention *Page 600 
to the use of the term "per cent," pointing out that the proposition to be submitted is for a "per cent" for the educational fund or a "per cent" for the building fund. The distinction between taxes for educational purposes and taxes for building purposes is well recognized. (Chicago and Alton RailroadCo. v. People ex rel. Wolff, 205 Ill. 625.) A tax for educational purposes must be levied separately from a tax for building purposes. (Knopf v. People ex rel. City of Chicago, 185 Ill. 20.) As observed in O'Day v. People ex rel. Kinsey, 171 Ill. 293, the words "for building purposes" are special, applying solely to the building of school houses and matters incident thereto, while the words "for educational purposes" are general and apply to all matters for which the board of directors may levy school taxes. Had the legislature intended to abolish the familiar distinction between taxes for educational purposes and for building purposes, we must assume that appropriate language to accomplish its purpose would have been used. The object of section 189 cannot be achieved by an election unless each proposition is considered separately and apart from the other, as one applies to an educational fund while the other applies to a building fund. In short, the intent of the General Assembly is made effective only by importing the singular form "proposition" to several "propositions." To hold otherwise would frustrate the objective of the statute.
The collector urges that, in any event, the vice in the form of ballot was cured by an act of the General Assembly passed in 1931. (Laws of 1931, p. 852.) Section 1 of this validating act provides that in all elections prior to January 1, 1931, where a majority of the voters in any school district voted in favor of increasing the educational and building tax rates, "the proposition of increasing said tax rates, having been submitted at such election as one proposition, then in each such case, said election is hereby *Page 601 
legalized, and the governing body of each such school district is authorized to levy taxes for educational and for building purposes within the statutory limitation in force, but not to exceed the rates specified in said proposition." Reliance upon this statute cannot avail the collector for the reason that there was no authority under section 189 for holding an election where but one ballot was used so that the voter was compelled to vote for or against the two propositions submitted. Under such circumstances, to hold the validating act of 1931 effective as validating the election and the levy assailed would be to approve a tax imposed upon the people of district No. 89 by the General Assembly in contravention of sections 9 and 10 of article 9 of our constitution. (People ex rel. Birch, v. Pennsylvania RailroadCo. 375 Ill. 85.) Although the legislature may, by statute, validate the irregular or defective exercise of a power where the power already existed, and the proceeding sought to be cured was not one of the fundamentals of the power exercised, it cannot, by a curative act, render a void proceeding valid. (People ex rel.Larson, v. Thompson, 377 Ill. 104; People v. PennsylvaniaRailroad Co. supra; People ex rel. Johnson, v. Southern RailwayCo. 367 Ill. 389; People ex rel. Ward, v. Chicago and EasternIllinois Railway Co. 365 id. 202.) Since the act of 1931 does not cure the defect in the form of the ballot and validate the election of August 20, 1921, it follows that school district No. 89 was without authority to levy more than $1 for educational purposes and thirty-seven and one-half cents for building purposes in 1940.
The judgment of the county court is affirmed.
Judgment affirmed. *Page 602