(No. 26638.—

THE PEOPLE *ex rel.* John Toman, County Collector, Appellee, *vs.* SIGNODE STEEL STRAPPING COMPANY, Appellant.

*Opinion filed September 21, 1942—Rehearing denied Nov. 11, 1942.*

Scott, MacLeish & Falk, (Robert S. Cushman, and John J. O'Brien, Jr., of counsel,) for appellant.

Thomas J. Courtney, State's Attorney, and Barnet Hodes, Corporation Counsel, (Joseph F. Grossman, Otho S. Fasig, Emmett Harrington, and J. Herzl Segal, of counsel,) for appellee.

Mr. Justice Fulton delivered the opinion of the court:

The rulings of the county court of Cook county upon objections to three items of the general annual tax levy of the city of Chicago for the year 1939 are involved in this appeal. The objections were filed on application for judgment and related to one item in the Library Maintenance and Operation Fund and two items in the Library Building and Sites Fund of the city of Chicago. All objections to said items were overruled and, because the question of revenue is involved, the appeal is presented directly to this court.

The 1939 appropriation ordinance of said city contained the following items which are the subject of objection:

(1) Library Maintenance Fund:
    600-H, Printing, Stationery, Books, Periodicals,
    Binding, Postage and Supplies............... $600,000
(2) Library Building Fund:
    610-X, Building purposes and purchase of build-
    ing sites and equipment of library buildings... $400,000
    610-S, Replacements, alterations and repairs to
    buildings . . . .............................. $100,000

It was stipulated that the appellant had duly paid the 1939 taxes in full as extended against his real estate but under protest.

Under item 600-H the appellant shows that for the year 1939 an appropriation of $600,000 was made for "Printing, Stationery, Books, Periodicals, Bindings, Postage, and Supplies." Also that appropriations for this same purpose have been made for the years 1934 to 1939, inclusive, to the total of $2,812,000, while the expenditures for the same period of years amount to $871,056.69, or an average expenditure of 33 per cent of the appropriations made for each of the respective years. It charges, therefore, that the 1939 appropriation for this purpose is grossly excessive, illegal, and void. The expenditures for the years 1938 and 1939 from this particular account actually amounted to $338,061.96 and $343,614.10, respectively, a sum slightly over 50 per cent of the amount appropriated for those years. Appellant seeks to have its objections to this tax sustained only for the excess of this appropriation and levy over the actual expenditures, or to the extent of about $256,000.

In *People ex rel. Clark* v. *Baltimore and Ohio Southwestern Railway Co.* 353 Ill. 492, it was held that "A tax levy largely in excess of the amount required for the purpose for which it is made, with the intention of creating a surplus to be used for another purpose, is not a legal tax levy even though the rate is within the limit fixed by statute." And in *People ex rel. Toman* v. *Dearborn Street Building Corporation*, 372 Ill. 459, "The proposition that taxing

bodies should not establish a rate which would result in unnecessary accumulation of public funds is thoroughly established." But in *People* v. *Baltimore and Ohio Southwestern Railway Co. supra,* it was further held that "the burden rests upon an objector to sustain his objection to a tax, and the courts will not interfere with the decision of taxing bodies on the question of the amount of taxes to be levied where it does not clearly appear that they have abused the discretion vested in them."

It is conceded by the appellant that if they relied alone upon the figures of the 1939 levy, they would fail to sustain the burden of proof which the law requires. However, they rely upon the fact that in the five years preceding 1939 the city had appropriated and levied, on the average, three times as much for the account 600-H as was spent therefrom.

It is apparent that the appropriations have been largely in excess of the average annual expenditures, but there is no proof in the record as to what the funds were expended for, outside of the intimation in the briefs of counsel that they may have been devoted to the payment of salaries and wages. We do not feel that objector has met the burden of proof required.

It is asserted by the city that under the authority of *Fuller* v. *City of Chicago,* 89 Ill. 282, a tax levied for library maintenance purposes is levied for salaries and wages as well as printing, etc., and if the city finds that the exigencies of the situation require the payment of salaries and wages in preference to printing, it has the right to use the tax proceeds for that purpose.

This broad statement of the city is not fully warranted by the above decision, because that case was decided on other grounds and the *dictum* quoted is somewhat inconsistent with the statutes of Illinois and the later opinions of this court.

Section 1 of article 8 of the Cities and Villages Act, (Ill. Rev. Stat. 1939, chap. 24, par. 123,) requires the tax

levy of the city of Chicago to be itemized in detail. Such statutes are intended to furnish the taxpayer with information as to the purposes for which taxes are levied; to enable him to compel the application of public funds to the purposes for which they are appropriated; to prevent the application of such funds to other purposes, and to prevent the raising of greater amounts than are necessary for legitimate corporate purposes. The taxpayer's right to have separately stated the purpose for which public money is appropriated or a tax levied is a substantial right of which he may not be deprived. (*People ex rel. Anderson* v. *Baltimore and Ohio Southwestern Railroad Co.* 359 Ill. 301; *Siegel* v. *City of Belleville,* 349 id. 240.) In *People ex rel. Price* v. *Illinois Central Railroad Co.* 266 Ill. 636, it was said, "It is not legal to supplement a shortage, if such exists, in one fund by an excessive and unnecessary levy for the other purpose."

The tax levy of the city of Chicago for library maintenance is pegged at $2,000,000, and slight variations in the expenditure of funds for library maintenance purposes made in good faith ought not to be sufficient to sustain objections to the tax, but levies made for the express purpose of creating a surplus or to raise funds for another and different purpose will not constitute a legal levy.

The statements submitted by the city concerning the condition of the library fund on January 1, 1939, show there was actual cash then on hand in the sum of $101,386.51. The cash on hand relates to the entire library fund, and account 600-H represents about one-fourth of the entire cash balance or $25,000. It is, therefore, apparent that the appropriations were not made for the purpose of creating a surplus.

As there is no proof as to where the balances have actually been spent, it is difficult to say that the appropriations were made to raise funds for another purpose. Under the authority of *People* v. *Baltimore and Ohio Southwestern Railway Co. supra,* the burden was on the appellant to

show that the discretion vested in the taxing bodies had been abused. The appellant made no objection to the levies made in prior years for this account 600-H and paid all the taxes assessed against its property without protest.

Deducting a reasonable amount for the loss and cost of collecting the tax, the amount of expenditures would be about sixty per cent of the money available in that particular fund derived from collection of taxes and sale of anticipation tax warrants during the year 1939. We have often held that taxing bodies should not make such a levy as will result in unnecessary accumulation of public funds. (*People* v. *Dearborn Street Building Corporation, supra; People ex rel. Harding* v. *Chicago and Northwestern Railway Co.* 331 Ill. 544.) The question of the proper amount of taxes to be raised by the city of Chicago for library purposes is committed to the reasonable discretion of the taxing bodies and courts will interfere only to prevent a clear abuse of this discretion. The situation in the present case is not parallel to that in *People* v. *Dearborn Building Corporation, supra,* where the cash on hand amounted to over four times the previous five years' average expenditure, and the levy under consideration was about eight times the yearly average. Karl B. Roden, the librarian of the Chicago Public Library for twenty-three years, testified that the needs of the library for the year 1939 would not be satisfied even if the full amount of the appropriation was realized. We do not feel that the appellant has met the burden of proving that the levy for "Printing, Stationery, Books, Periodicals, Binding, Postage and Supplies," known as account 600-H for $600,000 is so far in excess of the needs of the library for such purposes as amounts to a fraud upon the taxpayers. The county court of Cook county properly overruled this objection.

The situation with reference to appropriations and levies for accounts 610-X and 610-S is vastly different. On January 1, 1939, the Chicago Library Building and Sites Fund

had on hand $153,089.49 in cash. During the year 1939 the tax collections for this fund from the tax levies of 1936, 1937, and 1938, amounted to $171,195.71, making a total of cash on hand and received during the year 1939 of $324,285.20, exclusive of the 1939 tax levy of $200,000. The total expenditures during the year 1939 from account 610-X were $78,304.69 and from account 610-S, $28,825.70, or less than one third of the cash on hand received during the year without taking into account the 1939 levy. During the years 1934 to 1938, inclusive, the city of Chicago appropriated a total of $1,280,000 for account 610-X, whereas the actual expenditures from this account were only $12,784.84. The testimony of Mr. Roden concerning the building program showed no definite plan for 1939. Many of the projects contemplated were contingent either upon being able to procure a site at a reasonable price or upon being able to secure a W.P.A. grant from the Federal Government for a substantial portion of the costs. Since the power to tax for building purposes is an additional grant of taxing power it is necessary that there is a definite building program adopted before a levy for that purpose can be sustained. In *Cleveland, Cincinnati, Chicago and St. Louis Railway Co. v. People ex rel. Selby,* 208 Ill. 9, it was held that a levy for such purpose was illegal. This principle was further announced in *People ex rel. Reeves v. Bell,* 309 Ill. 387. The county court erred in not sustaining the objections to accounts 610-X and 610-S.

The judgment of the county court is affirmed as to objections to the 1939 taxes produced by the appropriations for account 600-H, and as to accounts 610-X and 610-S, its judgment is reversed and remanded with directions to sustain the objections to such levies.

*Affirmed in part and reversed in part*
*and remanded, with directions.*