(No. 29199.—

FREDERICK VOSS, Appellant, *vs.* THE CHICAGO PARK DIS-
TRICT *et al.*, Appellees.

*Opinion filed January 23, 1946.*

WILLIAM H. BECKMAN, (CHARLES F. HOUGH, and IRA
W. HURLEY, of counsel,) all of Chicago, for appellant.

JOHN O. REES, and KIRKLAND, FLEMING, GREEN, MAR-
TIN & ELLIS, (JOSEPH B. FLEMING, and EDWARD C. CALD-
WELL, of counsel,) all of Chicago, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

Frederick Voss, as a taxpayer, filed a complaint in the
circuit court of Cook county seeking to enjoin the Chicago
Park District, a municipal corporation, and the other ap-
pellees from putting into effect the provisions of an ordi-
nance providing for the issuance of an aggregate amount
of $24,000,000 in bonds. The ordinance was adopted pur-
suant to authority granted by the voters of the Chicago
Park District at an election held on June 4, 1945.

The complaint sets out in detail a complete history of
the official acts and proceedings of the Park District which
culminated in the passage of said ordinance on June 26,

1945. It complains that the ordinance was invalid in that the proposition as submitted to the voters was not in proper form for the reason it contained several unrelated and independent objects or purposes for which the bonds in question were to be issued; that by reason of such improper submission the voters were prevented from casting their individual vote upon the various objects sought to be attained.

The appellees filed a joint motion to strike the complaint and to dismiss the cause for want of equity because it appears on the face of the complaint that the proposition submitted to the voters did not contain several distinct objects or purposes, but, on the contrary, showed that the bonds were to be issued for but a single purpose.

The trial court granted the motion of the defendants and dismissed the cause for want of equity. The appellant elected to abide by his complaint. He has brought the appeal to this court because the trial judge certified that the validity of a municipal ordinance is involved and that in his opinion the public interest requires the allowance of a direct appeal to this court, as provided in section 75 of the Civil Practice Act. *Chicago Park District* v. *Canfield,* 382 Ill. 218; *People ex rel. Kinsella* v. *Crowe,* 327 Ill. 106.

The proposition submitted to the voters as it appeared on the ballot was as follows: "Shall bonds of the Chicago Park District to the amount of Twenty-Four Million Dollars ($24,000,000) be issued for the purpose of acquiring, improving, completing, ornamenting and protecting land and building and rebuilding all types of permanent improvement and construction necessary to render the property under the control of the park commissioners usable for the enjoyment thereof as public parks?"

In the brief of appellant the sole proposition of law relied upon is as follows: "The ordinance is invalid, having been authorized by an election not in conformity with Section 18, Article II of the Constitution of Illinois, in

that several separate, distinct, independent and unrelated purposes or objects were joined in one proposition for submission to the voters." Section 18 of article II of the constitution provides that "All elections shall be free and equal."

In support of his position that the ballot submitted to the voters was improper as joining several distinct purposes in the one proposition, the appellant presents several early Illinois cases. The case of *Board of Supervisors* v. *Mississippi and Wabash Railroad Co.* 21 Ill. 338, involved a statute authorizing cities and counties to subscribe stock to railroad companies. The statute provided that no subscription should be made unless a majority of the qualified voters of the city or county should vote in favor thereof. It also provided the notice should "specify the company in which stock is proposed to be subscribed." The proposition submitted to the voters provided for a subscription to two entirely separate railroads, "seventy-five thousand dollars to each." The court held that the law contemplated a vote for or against subscription to some one company, only, specifying the company, and held that it was improper to submit a vote on two different railroads at the same time.

The case of *People ex rel. Peoria and Oquawka Railroad Co.* v. *County of Tazewell,* 22 Ill. 147, was similar in effect, wherein a proposal was submitted to the voters to subscribe one hundred thousand dollars, one fourth to one railroad and three fourths to another. Both of these propositions were clearly in violation of the statutory provision providing for a vote on one single purpose, only.

In *Springfield & Illinois Southeastern Railway Co.* v. *County Clerk of Wayne County,* 74 Ill. 27, a writ of *mandamus* to compel the county clerk to extend a tax voted upon favorably by the citizens was not awarded because the proposition submitted to the voters was first to donate a sum of money to a railroad to be paid in three installments from

taxes levied in three separate years, and, second, to pay the amount of the donation by issuing bonds in which event the taxes were not to be levied. The court held the proposition voted upon to be ambiguous and that two distinct propositions were submitted on the ballot so that it was not clear that the voters consented that any tax should be levied for the purpose of paying a donation to the railroad.

The case of *O'Connor* v. *High School Board of Education*, 288 Ill. 240, involved sections of the School Law. The school district attempted to place on the ballot a proposition to purchase a new high-school site combined with a proposition to build a new high school, and for a bond issue to be used for the purchasing of the new site and the cost of building a new high school on such site. The court gave many reasons why the submission of the two questions jointly as a single question was contrary to the statutory requirements.

Appellant has cited many cases from other jurisdictions holding that where two or more distinct and wholly unrelated purposes are joined and submitted as a single proposition on a ballot involving a bond issue, the election is wholly invalid. In all of these cases the courts in other jurisdictions have uniformly held that under the statutes of those States the separate and distinct purposes could not be submitted as a single proposition. *Ostrander* v. *City of Salmon*, 20 Idaho, 153, 117 Pac. 692; *Eastern Shore Public Service Co.* v. *Town of Seaford*, 21 Del. Ch. 214, 187 Atl. 115; *State* v. *Wilder*, 217 Mo. 261, 116 S.W. 1087; *City of Denver* v. *Hayes*, 28 Colo. 110, 63 Pac. 311.

It is the contention of appellant that these authorities are controlling in the instant case on the proposition that voters must be able to express their free assent, without restraint, upon any additional burden of taxation requiring their approval. It is our view there is substantial ground for distinguishing such authorities from the present controversy.

Section 20 of the Chicago Park District Act, (Ill. Rev. Stat. 1943, chap. 105, par. 333.20,) under which the Chicago Park District seeks its authority, is as follows: "The Chicago Park District is authorized to issue the bonds of such district * * * for the purpose of establishing, acquiring, completing, enlarging, oramenting, building, rebuilding and improving public parks * * * and building all other types of permanent improvement and construction necessary to render the property under the control of said park commissioners usable for the enjoyment thereof as public parks." The form of ballot used follows the language of this section strictly. The proposition received an overwhelmingly favorable vote for the bond issue.

As set forth in the complaint, did the proposition voted upon contain several separate, distinct, independent and unrelated purposes or objects for which the bonds were to be issued?

There is no requirement in the statute that detailed itemization of the purposes be included in the ballot submitted to the voter. This court, in tax cases, has upheld the taxpayer's right to have separately stated and itemized the several purposes for which public money is appropriated or taxes levied. (*People ex rel. Thies* v. *Baltimore and Ohio Southwestern Railway Co.* 356 Ill. 272; *People ex rel. Toman* v. *Signode Steel Strapping Co.* 380 Ill. 633.) We have also declared that itemization requirements must be accorded a common-sense construction. (*People ex rel. Toman* v. *Estate of Otis,* 376 Ill. 112.) In *People ex rel. Nash* v. *Chicago and North Western Railway Co.* 359 Ill. 435, we said: "The law does not require that in the levying of town taxes the amounts required to be raised by taxation shall be separately stated so long as it appears that the general purposes are specified and are within the legal bounds of the town's taxing power." See, also, *People ex rel. Oller* v. *New York Central Railroad Co.* 388 Ill. 382; *People ex rel. Toman* v. *Belmont Radio Corp.* 388

Ill. 11. In *People ex rel. Dale* v. *Jackson*, 272 Ill. 494, a levy for "public buildings, light, heat and repairs, $12,000," was approved.

Where no greater itemization is required in voting upon a bond issue, the same principle applies. Here, the ballot stated the purpose as "the purpose of acquiring, improving, completing, ornamenting and protecting land, and building and rebuilding all types of permanent improvement and construction necessary to render the property under the control of the park commissioners usable for the enjoyment thereof as public parks."

It is true that our courts and the State courts of other jurisdictions have held that where the subjects are different, and have no natural or necessary connection and the questions submitted indicate different purposes, such questions cannot be submitted as one question, on the theory that the voter is then deprived of the right to vote for one and against others.

Appellant asserts that the parks in Chicago are tremendous and the expenditures enormous, which is admittedly the fact. It would seem, therefore, that under an elaborate program for improving the parks of the Chicago Park District, involving the expenditure of $24,000,000 over the period of four years, it would be a practical impossibility to submit to the voters the exact amount to be expended on each item. We do not believe the statute or the laws of the State of Illinois expressly or by implication require any such detail on the ballot for a bond issue. It is our opinion that the object designated on the ballot indicates a single general purpose even though it may cover an unusually large number of items.

The decree of the trial court allowing the motion to strike the complaint and dismissing the cause for want of equity was correct, and is hereby affirmed.

*Decree affirmed.*