(No. 29791.—

THE PEOPLE *ex rel.* Harry A. Hall, State's Attorney, Appellant, *vs.* ANDREW R. BOPP *et al.,* Appellees.

*Opinion filed January 22, 1947.*

HARRY A. HALL, State's Attorney, (JOHN BEDROSIAN, of counsel,) both of Waukegan, for appellant.

HAROLD V. SNYDER, of Chicago, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is a direct appeal by the People of the State of Illinois, on the relation of the State's Attorney of Lake county, from the judgment of the circuit court of said county, entered in a *quo warranto* action brought by the People, as plaintiff, against the defendants, as president and members of the board of education of Community Consolidated School District No. 89 of Lake county. The purpose of the suit was to question the right of the defendants to hold and execute their respective offices and ask that the legality of the organization of the district be determined and adjudged. The defendants filed their answer setting forth each step in the organization of the district. The lower court entered a decree finding that the defendants were not usurping said offices of president and members of the board of education, that the district was legally organized, and that the defendants were entitled to hold the offices of president and members of the board of such school district.

The school district in question was organized in accordance with the provisions of sections 1 and 2 of article 8 of the School Code. (Ill. Rev. Stat. 1945, chap. 122, pars. 8-1, 8-2.) Section 2 of article 8 provides for the form of the ballot to be used at the election in the organization of a community consolidated school district. The sole question presented by this appeal is the constitutionality of this ballot which was used at the election for the estab-

lishment of the school district in which the defendants were elected officers. Section 1 of article 8 of the School Code provides for the manner of the organization of the school district, and further provides that the county superintendent of schools shall order an election to be held for the purpose of voting for or against "the proposition to establish a community consolidated school district with authority to levy taxes at the rates set out in the petition." The ballot submitted to the voters at the election was as follows:

| | |
|---|---|
| FOR the establishment of a community consolidated school district with authority to levy taxes at the rate of one and four-fifths percent ($1\frac{4}{5}\%$) for educational purposes, and one-half of one percent ($\frac{1}{2}$ of $1\%$) for building purposes and the purchase of school grounds. | |
| AGAINST the establishment of a community consolidated school district with authority to levy taxes at the rate of one and four-fifths percent ($1\frac{4}{5}\%$) for educational purposes, and one-half of one percent ($\frac{1}{2}$ of $1\%$) for building purposes and the purchase of school grounds. | |

This ballot is in exact conformity with the one prescribed in section 2 of article 8 of the School Code.

Plaintiff contends that the use of this ballot is in violation of section 18 of article II of the constitution of Illinois, which provides that all elections shall be free and equal; that the ballot submits two or more propositions to the voters and that no opportunity is given to express a free choice on each separate proposition. To be specific, plaintiff urges that the ballot combines three questions: First, the establishment of a consolidated school district; second, the authority to levy taxes at the rate of $1\frac{4}{5}$ per cent for educational purposes; and, third, authority to levy

taxes at the rate of one-half of one per cent for building purposes and for the purchase of school grounds. For the reasons set forth, plaintiff's position is that the ballot is unconstitutional.

This case does not involve the same principle that was present in cases such as *O'Connor* v. *Board of Education,* 288 Ill. 240, where the board of education ignored the requirements of a statute which directed that certain propositions be submitted to the electorate as separate questions. The case of *People ex rel. Toman* v. *Chicago Great Western Railroad Co.* 379 Ill. 594, is another of that class. There, an election was called under section 189 of the School Law to vote upon an increase of the tax rate for educational and building purposes. The statute required that the proposition to increase each of the rates should be submitted to the voters as separate measures. The board of education ignored such requirement and prescribed a form of ballot which combined both propositions as a single question. In none of these cases was any question presented as to the power the General Assembly may exercise in combining two or more propositions in a ballot as a single question.

In *People ex rel. Breckon* v. *Board of Election Comrs.* 221 Ill. 9, it was said, "It seems clear that the elections protected by the constitution are all such elections as are held under authority of law, at which qualified electors may vote; and when statutes are enacted which regulate the form of the ballot to be used, what shall appear upon the ballot, * * * the provision of the Bill of Rights [that all elections shall be free and equal] applies to the new condition." The constitutional provision circumscribes the power of the General Assembly and prohibits it from prescribing a form of ballot which combines two or more separate unrelated propositions into a single question. Any other application would prevent a voter from expressing a preference on each question.

The law under which the election in question was held was enacted for the purpose of providing a means of organizing certain areas into community consolidated school districts. It is obvious that a law which merely provided for the organization of a school district would fall short of its purpose if the board of education was not authorized to levy taxes to provide buildings and maintain schools. Section 1 of the act directs that the organization of a district shall be initiated by petition signed by legal voters of the proposed district. The section places a limit upon the rate that may be levied for educational and building purposes, but subject to that limitation the petition must state the rate proposed to be levied. By section two, the tax rate as stated in the petition is set forth in the proposition to be printed on the ballot and by section five the power to levy a tax is limited to that rate. It is obvious the General Assembly intended that authority to organize a district should not be exercised unless the people voting for its organization were willing to assume the tax burden of maintaining schools. The inclusion of the tax rates with the organization of the district as a single question was not in violation of the constitutional provision. The tax rates proposed in the question submitted were incidental to the organization of a district and formed an integral part of the question.

*People ex rel. Wangelin* v. *Baltimore and Ohio Southwestern Railroad Co.* 372 Ill. 38, is authority for the principle that a proposition as printed on a ballot may include more than one specific subject so long as such subjects are incidents of the main question to be submitted to the voters.

The proposition directed by section 2 of article 8 of the School Code to be set forth in the ballot does not violate the constitutional requirement that all elections shall be free and equal.

*Judgment affirmed.*