(No. 33248.—)

R. H. Roll, *et al.*, Appellants, *vs.* Carrollton Community Unit School District No. 1 *et al.*, Appellees.

*Opinion filed July 13, 1954.*

G. R. Schwarz, of Jerseyville, for appellants.

Jack A. Alfeld, of Carrollton, and Charles & Trauernicht, of St. Louis, Mo., for appellees.

Mr. Justice Klingbiel delivered the opinion of the court:

Three taxpayers filed suit in the circuit court of Greene County against Carrollton Community Unit School District No. 1 and its board of education, seeking to restrain defendants from purchasing certain property as a school

site, building a new high school thereon, and issuing bonds in the amount of $650,000. A motion to dismiss the complaint was sustained, and plaintiffs appeal to this court.

At an election held in the district on February 8, 1954, four propositions were submitted to the voters. The first was whether the board should be authorized to purchase certain land for a school site and build a high school thereon. The second was whether the board should be authorized to build a new grade school on the existing site known as the Mt. Gilead school site. The third was whether an addition should be built on the Eldred Grade School Attendance Center. The fourth was whether certain bonds should be issued in the amount of $650,000 "for the purpose of purchasing school house site and building new high school thereon, building a new grade school and building an addition to an existing school building." All four propositions carried at the election. Plaintiffs contend the first proposition illegally combines separate and distinct matters, so as to deprive the voter of an opportunity to vote separately on each one, thus rendering the election void. A similar contention is made as to proposition No. 4.

Plaintiffs concede that joining into one proposition the purchase of a site and the building of a new high school thereon is purportedly authorized by section 5A-13 of the School Code, (Ill. Rev. Stat. 1953, chap. 122, par. 5A-13.) That section provides in part that "The questions of purchasing a schoolhouse site, building a new schoolhouse, and issuing bonds for the purpose of borrowing money to purchase a schoolhouse site and to build a new schoolhouse, may be combined into one or more propositions on the ballot." It is argued, however, that such practice is in violation of section 18 of article II of our constitution, which provides that all elections shall be free and equal; and that proposition No. 1 presented two distinct propositions in the form of one only, affording the voter no opportunity to vote either for a purchase of the site or

for the construction of a new high school, without also voting for the other.

It is undoubtedly the law, as insisted by plaintiffs, that propositions for public measures cannot be coupled together on a ballot so as to deprive the voter of an opportunity to vote separately and independently on each one. (*People ex rel. Toman* v. *Chicago Great Western Railroad Co.* 379 Ill. 594.) The constitutional provision referred to circumscribes the power of the General Assembly, and renders ineffective any provision purporting to authorize a combination of two or more separate and unrelated propositions into a single question. (See *People ex rel. Hall* v. *Bopp,* 396 Ill. 80, 83.) But the purchase of a designated site and the construction of a schoolhouse thereon are not separate and unrelated matters. They are, on the contrary, characterized by one common purpose: to provide a necessary physical housing unit for the district. It is clear that their combination as a single question to be voted upon was not in violation of the constitutional provision. *People ex rel. Hall* v. *Bopp,* 396 Ill. 80; *People ex rel. Wangelin* v. *Baltimore and Ohio Southwestern Railroad Co.* 372 Ill. 38.

Plaintiffs contend that proposition No. 4, which submitted the question whether the designated bond issue should be authorized for the purpose of financing the three proposed undertakings, violates both the statute and the constitutional provision referred to above. To support this contention plaintiffs refer to the statutory provision which empowers the board to build "a schoolhouse" when authorized at an election called for such purpose. (Ill. Rev. Stat. 1953, chap. 122, par. 7-17.) It is urged that since the statute uses the singular—"a schoolhouse"—separate propositions are required for each schoolhouse, and that since the proposition to build the building must be separately submitted so also must the proposition to finance it. The position is without merit. Section 19-3 (Ill. Rev.

Stat. 1953, chap. 122, par. 19-3,) grants power to "borrow money for the purpose of building, equipping, altering or repairing school buildings or purchasing or improving school sites, or acquiring and equipping playgrounds, recreation grounds, athletic fields, and other buildings or land used or useful for school purposes * * * but no such bonds shall be issued unless the proposition to issue them is submitted to the voters of the district at a regular or special election duly called and held for such purpose in such district and a majority of all the votes cast on the proposition is in favor of the proposition * * *." There is nothing in the statutory language to indicate the requirement urged by plaintiffs. Indeed, the provisions rather tend to negative it, for, while borrowing for multiple purposes is expressly authorized, the language requiring an election uses only the singular form when speaking of "the proposition" to issue bonds.

It is further maintained that the proposition to issue bonds contained three separate and unrelated purposes for which the bonds in question were to be issued—namely, one to purchase a site and build a high school, one to build an attendance center on the Mt. Gilead school site, and one to build an addition to the Eldred Grade School Attendance Center; and that because of their submission as one question the voters were deprived of their right to vote for one and against others, in violation of the constitutional requirement that elections shall be free and equal. In our view the designated purposes are sufficiently connected and related to each other in nature to satisfy the constitutional provision. The proposition submitted embodied but one general purpose: namely, to meet the building needs of the district as a whole. The constitution does not require that the financing of each part of a building program be submitted as a separate proposition. Where the purposes for which the proposed indebtedness is to be incurred are not separate and unrelated, the proposition

does not violate the constitutional provision. *Routt* v. *Barrett,* 396 Ill. 322; *Voss* v. *Chicago Park District,* 392 Ill. 429.

The cases relied upon by plaintiffs are distinguishable from the present one. In *O'Connor* v. *Board of Education,* 288 Ill. 240, the proposition was to build a high school building upon a new site to be subsequently selected and to issue bonds for the purpose of buying the new site when selected and paying the cost of constructing the high school. The statute in effect at that time made it unlawful for the board to locate a site without a vote of the people at an election. In holding the election void this court observed: "The proposition to authorize appellees to purchase a new site should have been so clearly and unmistakably stated that a voter could vote for or against that proposition alone, without reference to how he wished to vote on the question of erecting a new building and issuing bonds to pay for it." In the case at bar the applicable statutory provisions, which expressly permit such questions to be combined into one proposition, differ from those which prevailed in the *O'Connor case,* and that decision is not controlling here.

In *People ex rel. Toman* v. *Chicago Great Western Railroad Co.* 379 Ill. 594, cited by plaintiffs, the proposition held illegal combined both an increase in the tax rate for educational purposes and an increase in the tax rate for building purposes. This court concluded that in the absence of appropriate legislative action the familiar and well-recognized distinction between taxes for educational purposes and those for building purposes precluded their combination into a single proposition. We observed that the words "for building purposes" are special, applying solely to the building of school houses and matters incident thereto, while the words "for educational purposes" are general and apply to all matters for which the board of directors may levy school taxes. In the case at bar the pur-

poses for which the proposed bonds were to be issued embraced only the construction of building facilities and matters incident thereto. The decision in the case cited does not apply. We have examined other authorities referred to and find them likewise inapplicable.

We conclude that the election in question was not subject to the objections asserted by plaintiffs, and that the circuit court was correct in dismissing the complaint. The decree will be affirmed.

*Decree affirmed.*