11 Ill.2d 91 (1957)
142 N.E.2d 41
JOHN H. SCHOON et al., Appellants,
v.
BOARD OF EDUCATION OF TRIAD COMMUNITY SCHOOL DISTRICT No. 2 et al., Appellees.
No. 34233.
Supreme Court of Illinois.
Opinion filed March 20, 1957.
Rehearing denied May 20, 1957.
*92 JESSE R. BROWN, of Edwardsville, for appellants.
BURROUGHS, SIMPSON & BURROUGHS, of Edwardsville, for appellees.
Decree affirmed.
Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:
Certain taxpayers residing in the Triad Community Unit School District No. 2, Madison County, brought suit in the circuit court of that county against the district's board of education and the members of said board, seeking to enjoin the issuance of bonds in the amount of $685,000. On motion of defendants the complaint was dismissed, and a decree was entered accordingly. Plaintiffs appeal directly to this court, the revenue being involved.
The bond issue is challenged on the ground that it is based on an election at which several propositions were improperly combined into one on the ballot and were misleading and deceptive in the light of the board's plan. It appears from the complaint, as amended, that an election was held on March 26, 1955, at which four propositions were submitted. The first was to purchase a described school site; the second, to build and equip a high school building; the third, to build and equip an addition to the present Troy Grade School for a cafeteria and other school purposes; and the fourth, "to issue bonds to the amount of $685,000 for the purpose of purchasing a school site, building and equipping a high school, building and equipping an addition to the Troy Grade School Building and altering and repairing existing school buildings." Each proposition *93 was carried except the first, which was resubmitted and carried at another election held on May 21, 1955.
Plaintiffs' objections are directed to the fourth proposition. They contend, first, the board had no authority to include in such proposition the matter of "building and equipping an addition to the Troy Grade School Building" and that of "altering and repairing existing school buildings." It is not disputed that the board had power to borrow money for such purposes and to issue bonds therefor upon the voters' approval of properly submitted propositions. (See Ill. Rev. Stat. 1953, chap. 122, par. 19-3.) But it is argued that in this case there was an improper combination of questions as to purchasing a site and building a high school with questions whether to build and equip an addition to the grade school and to alter and repair existing school buildings; that the applicable statute authorizes the board to combine only the first two, and by implication prohibits it from including the latter two questions.
We cannot agree. The provisions relied upon are found in section 5A-13 of the School Code, which states, inter alia, that "The questions of purchasing a schoolhouse site, building a new schoolhouse, and issuing bonds for the purpose of borrowing money to purchase a schoolhouse site and to build a new schoolhouse, may be combined into one or more propositions on the ballot." (Ill. Rev. Stat. 1953, chap. 122, par. 5A-13.) These provisions, it will be observed, are permissive in nature. Nothing therein purports to prohibit the combination of other related questions into one or more propositions. Moreover, the "questions" which under the statute may be submitted as one proposition consist of the purchase of a site, the construction of a schoolhouse and the issuance of certain bonds. In this case the board did not even avail itself of this authority, but submitted the questions as separate propositions.
Section 19-3 authorizes the school district to issue bonds "for the purpose of building, equipping, altering or *94 repairing school buildings or purchasing or improving school sites," etc., and requires that "the proposition to issue them" be submitted to the voters of the district. Rejecting contentions similar to those in the case at bar, we recently upheld the propriety of a proposition to issue bonds "for the purpose of purchasing school house site and building new high school thereon, building a new grade school and building an addition to an existing school building." (Roll v. Carrollton Community Unit School District No. 1, 3 Ill.2d 148.) The purposes expressed in that proposition are precisely the same as those designated in the present proposition, except that the latter includes "altering and repairing existing school buildings." Altering and repairing school buildings are expressly included by section 19-3 among the purposes for which a bond issue may be proposed, and are obviously related in nature to the other specified purposes. A requirement that the financing of each part of a building program be submitted as a separate proposition is found neither in the statute nor in the constitutional command that elections be free and equal. (Roll v. Carrollton Community Unit School District No. 1, 3 Ill.2d 148.) If this court by mere construction were to find the limitation of authority urged by the plaintiffs, it would be exercising a legislative function, not a judicial one. See People ex rel. Oller v. St. Louis Southwestern Railway Co. 368 Ill. 199; People ex rel. Raymond v. Chicago and Northwestern Railway Co. 186 Ill. 139.
The plaintiffs argue further that the voters were misled and deceived by the fact that "altering and repairing existing school buildings" was included among the stated purposes of the proposed bond issue; that this caused them to believe the existing high school, the "McCray Dewey Township High School," would continue as a high school building, whereas in fact the board intended to change it into a grade school. Plaintiffs also object that such a change would violate the provisions of a certain testamentary *95 gift to the predecessor school district, and would "do violence" to a circuit court decree construing the will. It appears from the amended complaint that the will of one Angeline McCray Dewey, probated in 1880, set up a trust for construction and maintenance of a public schoolhouse for "such branches of study above the grade known as the common school branches as are usually taught in colleges and universities;" that in 1930 the trustees under the will applied to the circuit court for directions as to the use of the trust funds, and a decree was entered finding the testatrix's intention would most nearly be carried out if the trust funds were used to purchase and cancel outstanding bonds on the existing public high school, and its name were changed so as to contain "McCray Dewey," in commemoration of testatrix; and that the decree was complied with, the trustees expending the sum of $45,000 to purchase and retire bonds. The complaint then alleges that the board of education proposes to convert the McCray Dewey Township High School Building into a grade school, in violation of the will and decree; and that a proposed use of the bond proceeds for such a purpose is illegal, "thereby making the $685,000 bond issue invalid." It is clear that neither the will nor the decree purport to restrict the use of this public school building; and that even if they so provided, they could have no effect in limiting the authority of the school district over its own facilities. It is also evident that there is nothing misleading in the propositions submitted at the election. The circuit court was correct in dismissing the complaint, and its decree will be affirmed.
Decree affirmed.